# THE CITY OF EAST ST. LOUIS

*v.*

# THE PEOPLE *ex rel.* Phillip M. Gundlach.

*Filed at Springfield May 9, 1888.*

124 655
125 567

124 655
127 506

124 355
161 184

124 655
177 93

124 655
e215 ¹325

1. MUNICIPAL INDEBTEDNESS — *constitutional limitation — as not extending pre-existing powers.* The constitutional provision that no municipal corporation shall be allowed to become indebted to an amount exceeding five per cent on the value of the taxable property therein, etc., is a limitation. upon the power of the legislature to authorize cities of the State to contract indebtedness, and does not operate as a repeal of a clause in a city charter granted prior to the adoption of the constitution of 1870, which prohibits the city from contracting an indebtedness in excess of an amount less than five per cent. It was not intended to authorize a city to become indebted to the full amount of the five per cent, without regard to the limitations in its charter as to the extent of its power to create indebtedness.

2. SAME — *levy of a tax to pay interest and to provide a sinking fund — constitutional requirement — effect thereof on pre-existing city charters.* The provision of section 12, article 9, of the constitution of 1870, that any municipal corporation incurring any indebtedness under authority of law, shall, before or at the time of doing so, provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal thereof within twenty years from the time of contracting the same, will operate as a repeal of a clause in a special charter of a city, that its council shall collect an annual tax not exceeding one per cent per annum on all property, etc., and that of this one per cent it shall collect not more than three mills on the dollar for the purpose of paying the interest on the bonds and providing a sinking fund, etc., when that sum is not sufficient to pay the interest and discharge the principal in twenty years.

3. This constitutional provision, that no municipal corporation shall incur any indebtedness without providing for the collection of an annual tax sufficient to pay the interest as it matures, and to discharge the debt within twenty years, is self-executing, as, of itself, it supplies a sufficient rule by means of which the duty imposed may be enforced. No supplemental legislation is necessary in order to make it effectual.

4. SAME — *remedy to compel the levy of taxes to meet the constitutional requirement.* Where a city organized under a special charter has incurred an indebtedness since the adoption of the constitution of 1870, it is its duty, no matter what are the limitations of its charter, to provide for the collection of an annual tax sufficient to meet the interest thereon, and to liquidate the debt within twenty years; and if it fails to do so, and allows the debt to mature, the courts will compel it to levy a tax sufficient to pay the same, with the arrears of interest, at once.

Appeal from the Circuit Court of St. Clair county; the Hon. George W. Wall, Judge, presiding.

Mr. Robert A. Halbert, and Mr. Jesse M. Freels, for the appellant:

It is a sufficient answer to the application for the writ, in any case, that the respondent has no authority of law to do the act sought to be coerced.    Cooley on Taxation, 726, and notes; *Comrs. of Highways* v. *People*, 99 Ill. 587; *United States* v. *Clark County*, 95 U. S. 783; *People* v. *Village of Crotty*, 93 Ill. 180.

It will not lie to compel the levy of a tax in excess of the local limitation, nor to compel the payment of judgments, or other demands, to an extent that would deprive the municipality of means for ordinary and necessary municipal purposes, nor to appropriate a part of its revenue already raised, to pay demands not provided for in raising it, when all such revenue is already appropriated, and the law forbids any diversion, or there is or can be no surplus.    Cooley on Taxation, (2d ed.) pp. 738, 739; *Town of Sparland* v. *Barnes*, 98 Ill. 595; *People ex rel.* v. *City of Cairo*, 50 id. 154; *East St. Louis* v. *Trustees*, 6 Bradw. 133; *East St. Louis* v. *Seim*, id. 76; *United States* v. *Macon County*, 99 U. S. 582; *East St. Louis* v. *Zebley*, 110 id. 321; *Clay County* v. *McAleer*, 115 id. 616; *Cope* v. *Collins*, 37 Ark. 649; *Cromartie* v. *Commissioners*, 87 N. C. 134; 85 id. 211; *Coffin* v. *Davenport*, 26 Iowa, 515.

The charter of the city of East St. Louis limits the rate of taxation to one per cent per annum, upon the value of the taxable property within its jurisdiction.    1 Private Laws of 1869, art. 3, sec. 1, p. 887.

The rule as to such limitation has been held by this court to apply to other cities in which the rate of taxation is limited by their charters.    *Weber* v. *Traubel*, 95 Ill. 427; *People ex rel.* v. *City of Cairo*, 50 id. 134; *Town of Sparland* v. *Barnes*, 98 id. 545; *Edwards* v. *People*, 88 id. 340; *Binkert* v. *Jansen*, 94

id. 283; Burroughs on Taxation, sec. 129; Cooley on Taxation, 347, 349, 350, 738; *Supervisors* v. *United States*, 18 Wall. 71; *Jeffreys* v. *Lawrence*, 42 Iowa, 505; *Clarke* v. *Davenport*, 14 id. 494; *Porter* v. *Thompson*, 22 id. 391; *Webster* v. *People*, 98 Ill. 343.

If the amount of tax so limited has already been levied for the year, a further levy, on any pretense, is void. Cooley on Taxation, (2d ed.) pp. 349, 350; *Jeffreys* v. *Lawrence*, 42 Iowa, 505; *Cummings* v. *Fitch*, 40 Ohio St. 56; *State* v. *Humphreys*, 25 id. 520; *Vance* v. *Little Rock*, 30 Ark. 435; *Shackleton* v. *Guttenberg*, 39 N. J. L. 661; *Sterling* v. *Harvey*, 45 Iowa, 466; *Wattles* v. *Lapeer*, 40 Mich. 627; *Commissioners of Osborne County* v. *Blake*, 25 Kan. 356; *Cromartie* v. *Cummings*, 85 N. C. 211; *United States* v. *Macon County*, 99 U. S. 590; *United States* v. *Lincoln County*, 5 Dillon, 198; *In re M. E. Church*, 66 N. Y. 395.

It is contended that section 12, article 9, of the constitution, abrogates section 1, article 3, and section 22, article 7, of the charter of the city, and is substituted therefor as a part of the charter, and that it confers upon the city the power to levy any rate of taxation necessary to pay any indebtedness it may incur. But the constitution is not a grant of power, but a limitation thereof. *Cornell* v. *People*, 107 Ill. 380; Cooley's Const. Lim. (5th ed.) 47.

Section 12 is a limitation on the power to contract indebtedness. It has nothing to do with municipal taxation. Sections 9 and 10, of article 9, cover the whole subject of municipal taxation. *Braun* v. *Chicago*, 110 Ill. 192; *Wetherell* v. *Devine*, 116 id. 639.

Section 1 of the schedule of the constitution continues in force all the rights of corporations, and if any part of any city charter is repealed by the constitution, it must be by implication, which kind of repeal is not favored. Cooley's Const. Lim. 183; *Covington* v. *East St. Louis*, 78 Ill. 549; *East St. Louis* v. *Maxwell*, 99 id. 439.

This rule has peculiar force in the case of laws of special and local application, which are never to be deemed repealed by general legislation except upon the most unequivocal manifestation of intent to that effect. Cooley's Const. Lim. 183; *East St. Louis* v. *Maxwell*, 99 Ill. 439.

Mr. F. G. Cockrell, also for the appellant.

Messrs. Sanders & Bowers, for the appellees:

*Mandamus* is the only remedy to compel a municipal corporation to levy a tax to pay a judgment against it. *Louisiana ex rel.* v. *Police Jury*, 111 U. S. 716; *Knox County* v. *Aspinwall*, 24 How. 376; *United States* v. *New Orleans*, 98 U. S. 381; *United States* v. *Fort Scott*, 99 id. 152; *Benbow* v. *Iowa City*, 7 Wall. 175; *Hoffman* v. *City of Quincy*, 4 id. 535; *County of Cass* v. *Johnson*, 95 U. S. 360; Wood on Mandamus, 23, 25; 10 Wend. 363.

In the issue of the bond and coupons that entered into this judgment, the city authorities had printed thereon the laws and ordinances under which they were issued. These recitals, and the constitutional provisions that bear upon the legal questions involved in the issue of the bond and coupons, thus became a part of the contract between the city and the holder of its bonds and coupons, and the plaintiff in error is bound by them in this proceeding. *Murray* v. *Charleston*, 96 U. S. 455; *Louisiana ex rel.* v. *Police Jury*, 111 id. 716; Const. of 1870, sec. 10, art. 19; Hurd's Stat. p. 68; *Law* v. *People*, 87 Ill. 385; *Pendleton* v. *Amy*, 13 Wall. 297; *Van Hostrop* v. *Madison*, 1 id. 384; *East St. Louis* v. *Amy*, 120 U. S. 600.

The power to issue the bond and the coupons is found in the charter of the city, the ordinance, and in section 12, article 9, of the constitution. *United States* v. *Railroad Co.* 17 Wall. 322; *Tennessee* v. *Sneed*, 96 U. S. 69; *Police Jury* v. *Shreveport*, 5 La. Ann. 661; *People* v. *Morris*, 13 Wend. 325; *Louisiana ex rel.* v. *Police Jury*, 111 U. S. 716; *East St. Louis* v. *Amy*, 120 id. 600.

The constitution of 1870 abrogated all limitations of the taxing power of the city charter inconsistent with its terms. Angell & Ames on Corp. (11th ed.) 835, 836; *United States* v. *Railroad Co.* 17 Wall. 322; Cooley's Const. Lim. 235; *Railroad Co.* v. *McClure*, 10 Wall. 511; *People* v. *Morris*, 13 Wend. 325; *State Bank* v. *Knoop*, 16 How. 369; *Humpshire* v. *Franklin*, 16 Mass. 76; *Marietta* v. *Fearing*, 4 Ohio, 427; *Berlin* v. *Gorham*, 34 N. H. 266; Dillon on Mun. Corp. 75; Const. of 1870, sec. 10, art. 9; Hurd's Stat. 1885, p. 68.

The authority possessed by a municipal corporation to create a debt and issue bonds therefor, includes the power to levy a tax for their payment. Pierce on Railroads, 98; *Seybert* v. *Pittsburg*, 1 Wall. 272; *United States* v. *New Orleans*, 98 U. S. 381; *Hancock* v. *Chicot County*, 32 A. R. 575; *Lowell* v. *Boston*, 111 Mass. 460; *Hasbrouck* v. *Milwaukee*, 25 Wis. 122; *Parsons* v. *City of Charleston*, Hughes, 282; *Loan Association* v. *Topeka*, 20 Wall. 665; *Savings Bank* v. *Concord*, 92 U. S. 629; *Commonwealth* v. *Alleghany County*, 37 Pa. 277; *Hyde Park* v. *Ingalls*, 87 Ill. 13; *Dutton* v. *City of Aurora*, 114 id. 138; *City of Galena* v. *Corwith*, 48 id. 423; *City of Cairo* v. *Campbell*, 116 id. 305; *City of Quincy* v. *Warfield*, 25 id. 279.

The city, as we understand, does not deny that they have power, under their charter, to levy the three-mill tax for interest, and power to tax for a sinking fund, to liquidate the debt when due. This power, possessed under the charter, which it was the duty of the city to exercise for the benefit of its creditors, and which it has not exercised, would give the defendant a right to a *mandamus* to compel the levy of a tax to pay his judgment, and costs, even if there were no other source of power, or law in support of his right. *Knox County* v. *Aspinwall*, 24 How. 376; *Benbow* v. *Iowa City*, 7 Wall. 313; *Hoffman* v. *City of Quincy*, 4 id. 534; *Supervisors* v. *Rogers*, 7 id. 175; *Supervisors* v. *Durant*, 9 id. 415; *County of Cass* v. *Johnston*, 95 U. S. 360; *Hyde Park* v. *Ingalls*, 87 Ill. 10.

Mr. FRANKLIN A. McCONAUGHY, also for the appellees:

A law can not be in force in this State, no matter when passed, which contravenes the provisions of the constitution. *People* v. *Maynard*, 14 Ill. 421; *Beesman* v. *City of Peoria*, 16 id. 485; *Town of Lewiston* v. *Proctor*, 23 id. 535.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a *mandamus* proceeding brought to compel the city of East St. Louis to levy upon the real and personal property, subject to taxation within the jurisdiction of the city, a special tax sufficient to pay a judgment recovered by the relator against said city at the September term, 1886, of the circuit court of St. Clair county, and to see that the tax so levied, when collected, be set apart and applied exclusively to the payment of such judgment and the costs of suit.

The judgment, which was for $1074.94, was recovered upon a bond of said city for $500 and eight annual interest coupons thereto attached for $50 each, issued by said city on July 26, 1873, and payable to John B. Lovingston or bearer ten years after date. The bond and coupons were issued in pursuance of an Act of the Legislature of Illinois, approved and in force March 26, 1869, entitled "An Act to reduce the charter of East St. Louis and the several acts amendatory thereto into one act, and revise the same," and also in pursuance of an ordinance passed by the City Council of said City entitled, "An ordinance to fund the floating debt of the City of East St. Louis," approved and in force June 6, A. D. 1872.

The petition for *mandamus* was answered by the defendant, the City of East St. Louis; the petitioner filed a general demurrer to the answer; the Circuit Court sustained the demurrer and the defendant elected to stand by its answer; thereupon judgment was entered in accordance with the prayer of the petition and an appeal taken to this Court.

The main question, presented by the pleadings and in the arguments of counsel, is whether the Constitution of this State,

adopted in 1870, removed from the charter of the City of East St. Louis the limitations therein contained as to the amount and rate of taxation to be imposed by the City Council for the payment of bonded indebtedness incurred after the adoption of the Constitution of 1870.

So much of section 12 of article 9 of the Constitution of 1870, as is applicable to the question involved, is as follows:

"No county, city, township, school district, or other municipal corporation, shall be allowed to become indebted in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein, to be ascertained by the last assessment for State and county taxes, previous to the incurring of such indebtedness. Any county, city, school district, or other municipal corporation, incurring any indebtedness as aforesaid, *shall, before or at the time of doing so,* provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal thereof within twenty years from the time of contracting the same."

The sections of the charter bearing on the question in controversy are:

*First*—Art. 3, sec. 1. "The City Council shall have power to collect an annual tax, not exceeding one per centum per annum, upon all property, real and personal, within the jurisdiction of the city, upon the assessed value thereof, in such manner as may be prescribed by ordinance, not inconsistent with the Constitution of this State," etc. (1 Priv. L. 1869, p. 887.)

*Second*—Sec. 4, id. "The City Council shall have power to appropriate money, and provide for the payment of the debt and expenses of the city, to borrow on the credit of the city a sum of money not exceeding one hundred thousand dollars ($100,000); to issue bonds, scrip or certificates of indebtedness therefor," etc.

*Third*—Art. 7, sec. 22. "A registry shall be kept of all bonds, scrip or certificates of indebtedness issued, showing a full exhibit of all material facts in relation thereto; and the City Council shall levy and collect a tax, not exceeding three mills on the dollar, upon each annual assessment made for general purposes, for the purpose of paying the interest on such bonds, scrip or certificates of indebtedness, and to provide a sinking fund to liquidate the same." (1 Priv. L. 1869, pp. 904, 905.)

The question in this case is not whether the prohibition, which forbids a municipal corporation from becoming indebted to an amount exceeding five per cent of the assessed value of its taxable property, repeals or abrogates a provision in the charter limiting the indebtedness of the city to an amount less than such five per cent. It is not claimed that a city may incur an indebtedness greater than that to which it is limited in its charter, provided only such indebtedness does not exceed five per cent of the assessed value of its taxable property. The constitutional provision that no municipal corporation shall be allowed to become indebted to an amount exceeding five per cent, etc., is a limitation upon the power of the legislature to authorize cities of the State to contract indebtedness; therefore such constitutional provision could not operate as a repeal of a clause in a city charter, which prohibited the city from contracting an indebtedness in excess of an amount less than five per cent; it was not intended to authorize a city to become indebted to the full amount of the five per cent without regard to the limitations of its charter as to the extent of its indebtedness.

We have been referred to no provision in the charter of East St. Louis, which limits the power of that city to incur indebtedness to any particular amount. Section 4 of article 3 of its charter permits it to borrow, on the credit of the city, a sum not exceeding $100,000 and to issue bonds therefor, but it is not contended that bonds have been issued to a greater amount than $100,000.

Section 1 of article 3 of the charter gives the City Council the power to collect an annual tax, *not exceeding one per centum per annum*, upon all property real and personal within the jurisdiction of the city upon the assessed value thereof in such manner as may be prescribed by ordinance, etc.    Section 22 of article 7 provides that the council shall levy and collect *a tax not exceeding three mills on the dollar* upon each annual assessment made for general purposes for the purpose of paying the interest on such bonds, etc., and to provide a sinking fund to liquidate the same.    The charter containing these provisions was passed in March, 1869.

Afterwards in the summer of 1870 the Constitution of 1870 was adopted, which provides, in section 12 of article 9, as above quoted, that any municipal corporation, incurring any indebtedness under authority of law not exceeding the five per cent above named, *shall, before or at the time of doing so,* provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due and also to pay and discharge the principal thereof within twenty years from the time of contracting the same.

Evidently there is here a direct conflict between the language of the charter and the language of the constitution as to the amount and percentage of the annual tax to be collected.

The charter says, that the council shall collect an annual tax not exceeding one per cent per annum on all property, etc., and that, of this one per cent, it shall collect not more than three-tenths, or three mills on the dollar, for the purpose of paying the interest on the bonds and providing a sinking fund, etc.    On the other hand, the Constitution says, that the council shall, before or at the time of incurring the indebtedness, provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due and also to pay the principal within twenty years, etc.

By the terms of the constitution the annual tax must be sufficient to pay the interest as it becomes due and the prin-

cipal in twenty years; by the terms of the charter the annual tax must not be more than one per cent for all purposes and not more than three-tenths of one per cent for the purpose of paying the interest on the bonds and providing a sinking fund to liquidate the indebtedness.

If the City Council levies and collects an annual tax of only three-tenths of one per cent to pay interest and provide a sinking fund, and such amount is not sufficient to pay the interest as it falls due and to discharge the principal in twenty years, then the council fails to do what the constitution requires to be done.

It is very clear that the charter of East St. Louis prescribes one rate of annual taxation for the payment of the corporate indebtedness, and the constitution prescribes another and different rate. The indebtedness, represented by the bond sued on in this case, was incurred after the constitution of 1870 was adopted, as the bond was not issued until July, 1873.

The constitutional provision now under consideration is self-executing. "It supplies a sufficient rule by means of which * * * the duty imposed may be enforced." (Cooley on Const. Lim. page 100, (5th ed.)) No supplemental legislation is necessary in order to make it effectual. (*People* v. *Bradley*, 60 Ill. 390; *Kine* v. *Defenbaugh*, 64 id. 291; *Mitchell* v. *Indianapolis and St. Louis Railroad Co.* 68 id. 286; *Law* v. *People*, 87 id. 385.)

This provision is also in conflict with those portions of the charter of East St. Louis, which limit the rate of annual taxation to any other percentage than that which is sufficient to pay the interest as it falls due, etc. Consequently it repeals and abrogates such portions of the charter and must be substituted for them in the charter itself. Its effect began with the life of the constitution and annulled all previous charter limitations inconsistent with it in relation to indebtedness incurred after the adoption of the constitution. (*Hills* v. *City of Chicago*, 60 Ill. 86; *People* v. *McRoberts*, 62 id. 38; *Mitchell*

v. *Indianapolis and St. Louis Railroad Co. supra.*)   A law can not be in force in the State no matter when passed, which contravenes the provisions of the constitution of the State. (*State ex rel.* v. *Maynard,* 14 Ill. 419.)

The precise question now under discussion has been recently decided by the Supreme Court of the United States in the case of *East St. Louis* v. *Amy,* 120 U. S. 600, where it is held that the limitations in the charter of the City of East St. Louis as to the rate and amount of annual taxation are repealed by section 12 of Article 9 of our constitution.   In that case the Federal Court says : "Under this provision of the constitution no municipal corporation could incur a debt without legislative authority, express or implied, but the grant of authority carried with it the constitutional obligation to levy and collect a sufficient annual tax to pay the interest as it matured and the principal within twenty years.   This provision for the tax was written by the constitution into every law passed thereafter by the legislature allowing a debt to be incurred ; and, in our opinion, it took the place in existing laws of all provisions for taxation to pay debts thereafter incurred under old authority, which were inconsistent with its requirements.   It was made by the people a part of the fundamental law of the State that every debt incurred thereafter by a municipal corporation, under authority of law, should carry with it the constitutional obligation of the municipality to levy and collect all the necessary taxes required for its payment."

We concur in the views expressed in the *Amy* case upon the main question here stated, and also upon the further question as to the power of the court below to order a tax to be levied sufficient in amount to pay the entire judgment at once.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*