PATRICK KANE

*v.*

THE CITY OF CHARLESTON *et al.*

*Filed at Springfield March 30, 1896.*

161  179
e192  ²366

1. CONSTITUTIONAL LAW—*burden is upon a party asserting unconstitutionality of statute.* Where it is sought to restrain a municipal corporation from issuing bonds on the ground that the statute giving it power to do so is unconstitutional, the burden is upon the complainant to clearly show that fact.

2. BONDS—*of municipality—extension of time of payment beyond twenty years—constitutionality of re-issue.* The issuance of refunding bonds by a municipal corporation under a statute allowing it, is not prohibited by the constitution of 1870, (art. 9, sec. 12,) providing that before the incurring of indebtedness provision shall be made for an annual tax sufficient to pay the interest as it falls due and discharge the principal within twenty years, although such bonds extend the indebtedness beyond twenty years from the date at which it was originally contracted.

APPEAL from the Circuit Court of Coles county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

Appellant filed his bill in the circuit court of Coles county, against the city of Charleston and its mayor and treasurer, to enjoin the issue and negotiation of certain refunding bonds. This bill was held bad on demurrer and dismissed, and to reverse that order this appeal is taken. The only question for our decision, therefore, is, does the bill state a case entitling the complainant to the relief prayed.

The bill sets up section 12 of article 9 of the constitution of 1870, which provides that no municipal corporation shall be allowed to become indebted to an amount exceeding five per cent on the valuation of its taxable property, and then says: "Any county, city, school district or other municipal corporation incurring any indebtedness, as aforesaid, shall, before or at the time of doing so, provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls

due, and also to pay and discharge the principal thereof within twenty years from the time of contracting the same." It is then alleged that on October 11, 1875, the city of Charleston, in pursuance of the statute authorizing incorporated towns and villages to construct and maintain water-works, "made and executed, in strict conformity with the provisions thereof and with the requirements of section 12, article 9, of the constitution of 1870, and thereafter sold and delivered, the municipal water bonds of the city, aggregating the sum of $40,000, due and payable twenty years after date, with interest at ten per cent per annum, * * * the avails whereof were thereafter expended in and about the construction of the water system for said city;" that $20,000 of said bonds have been paid, together with all accrued interest on said indebtedness, and that "there are now outstanding matured bonds of said issue of the face or par value of $20,000, which are valid and binding obligations upon the city." It also sets up paragraph 6, section 63, article 5, of the act to provide for the incorporation of cities and villages, adopted in 1872, under which the city of Charleston was organized, which provides that the city council shall have the power "to issue bonds in place of or supply means to meet maturing bonds, or for the consolidation or funding of the same," (1 Starr & Curtis, 463,) and then alleges that the city, claiming to be authorized to do so by said paragraph 6, is proposing to issue and sell its twenty negotiable bonds, dated October 1, 1895, of the face value of $1000 each, to mature twenty years after the date thereof, with interest (evidenced by interest notes or coupons) at the rate of five per cent per annum, and has negotiated the sale of such bonds, and is about to issue and put the same in circulation, "and to use the proceeds and avails thereof to redeem and retire the outstanding water bonds of the city, aggregating $20,000, as aforesaid," and will do so unless restrained, etc. It is further alleged that said proposed bonds are void under section

12, article 9, of the constitution, because "an absolute inhibition is imposed thereby upon the city to suffer any debt to remain unpaid for a period of more than twenty years from the date of incurring it, and the said refunding bonds about to be issued by the said defendant but evidence a renewal of $20,000 of said original water debt of the city for the further term of twenty years, and are therefore prohibited by the clear intendment of section 12 of article 9 of the constitution of Illinois, as herein above set forth;" also because the city is without power to issue the bonds except by a constitutional statute, and that no statute now in force authorizes the issuance of said refunding bonds by the city for any corporate purpose, nor does the city pretend that they can be issued under any other provision than said paragraph 6, section 63, *supra.* The bill then prays for an injunction restraining the issuing and negotiation of the bonds.

WOOD & OAKLEY, for appellant:

Section 12 of article 9 of the constitution is self-executing, and needs no legislation to put it into effect. *East St. Louis* v. *People*, 124 Ill. 655; *Law* v. *People*, 87 id. 385.

But were it otherwise, the legislature has by statute reiterated the constitutional provisions. 1 Starr & Curtis, chap. 24, par. 63, clause 5.

The refunding of a municipal debt by issuing new bonds does but continue the same debt. *Powell* v. *City of Madison*, 107 Ind. 106; *Poughkeepsie* v. *Quintard*, 19 N. Y. 944; *Blanton* v. *McDowell*, 101 N. C. 532; *People* v. *Lippincott*, 81 Ill. 193; 2 Beach on Public Corp. secs. 928, 929 ; *Chandler* v. *Town of Attica*, 18 Fed. Rep. 304 ; 15 Am. & Eng. Ency. of Law, 1263, 1264.

A. C. ANDERSON, also for appellant.

W. E. ADAMS, and H. A. NEAL, for appellees:

There being no restriction in the constitution, the city has the right to borrow money to pay its existing

debts and issue bonds therefor.  *Quincy* v. *Warfield,* 25 Ill.
317;  *Galena* v. *Corwith,* 48 id. 423;  *Smith* v. *Peoria County,* 59
id. 412 ;  *Hyde Park* v. *Ingalls,* 87 id. 13;  *Burr* v. *Carbondale,*
76 id. 455.

The legislature has expressly authorized the issuing
of refunding bonds.  Section 1, article 5, chapter 24, of
Starr & Curtis' Statutes, reads as follows:  "The city
council in cities  *  *  *  shall have the following pow-
ers:  *  *  *  Sixth, to issue bonds in place of or supply
means to meet maturing bonds, or for the consolidation
or funding of the same."  See, also, chap. 113.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Counsel for appellant say, "the contention of the bill
is that the constitution of 1870, by section 12 of article 9,
puts a limit upon the duration of all municipal indebted-
ness ; that every municipal debt created since 1870 must
be paid within twenty years, and that bonds issued for
the purpose of refunding such indebtedness are but an
evasion of the 'constitution, and are therefore void."  The
argument, however, in support of the theory of the bill,
does not go to the extent here indicated.  It is not pre-
tended that a municipal indebtedness, otherwise legally
incurred, ceases to be valid and binding against the mu-
nicipality upon the expiration of twenty years from the
date of its being contracted.  On the contrary, it is con-
ceded that the obligation of the city to pay the $20,000
outstanding bonds still exists, and that it can be com-
pelled to pay the same in full, notwithstanding more
than twenty years have intervened since their issue.
Conceding this to be true, it must also be admitted that
if the holders of those bonds should take no steps to
compel their payment, and the city should not volun-
tarily, by some means, liquidate the same, they would
continue to be binding obligations upon the municipality,
and it could be compelled to pay them at any time within
the statutory period of limitation.  It cannot, therefore,

be said that the constitution "puts a limit upon the duration of all municipal indebtedness," or that it requires absolutely all such indebtedness to be paid within twenty years.

The real question in the case is, can the city council, when its power to do so is questioned by a tax-payer, issue its bonds in place of or to supply means to meet maturing bonds, or for the consolidation or funding of the same, thereby consenting to an extension of the original indebtedness beyond the period of twenty years? In other words, is clause 6, section 63, of the statute above quoted, void under section 12, article 9, of the constitution. That that clause of the statute is broad enough in its terms to authorize, and does expressly authorize, the issuing of bonds like those here in question, cannot be, and is not, denied. Does the language of the constitution, which requires the municipal authorities to provide for the collection of a tax sufficient to pay the interest on bonds issued, "and also to pay and discharge the principal thereof within twenty years from the time of contracting the same," amount to a limitation upon the power of the legislature to empower such authorities to refund the indebtedness by issuing other bonds at the expiration of the first period? There is no ground for claiming that this language of the constitution is an express limitation upon such power of the legislature, and if held to be such at all, it can only be done by construction or implication. That the language is not mandatory to the extent of affecting the validity of the indebtedness is clear from what we have already said,— that is to say, the mere fact that municipal authorities may fail to levy and collect a sufficient tax to pay the interest and principal within twenty years does not affect the validity or binding force of the indebtedness. By this we do not mean that municipal bonds issued without an attempt to make such provision would necessarily be valid. That question is not involved in this case, be-

cause the bill expressly states that the original bonds were issued in strict conformity with the provisions of this section of the constitution. It is a well-known fact, that however honestly, or even wisely, public officers may attempt to provide, by taxation, a sufficient fund to meet an indebtedness maturing twenty years in the future, that effort will often fail because taxes levied can not always be collected, and because what may seem to be a sufficient levy at the time it is made, may, on account of changes in the valuation of assessable property, prove insufficient. And so we held in *City of East St. Louis* v. *People ex rel.* 124 Ill. 655, (following the decision of the Supreme Court of the United States in *East St. Louis* v. *Amy*, 120 U. S. 600,) that if, at the end of twenty years, the provision first made proves insufficient to pay the whole indebtedness, the municipal authorities can be compelled to levy a sufficient tax upon the taxable property within its jurisdiction to pay a judgment recovered for any part of the indebtedness remaining unpaid.

It being the duty of the city authorities to provide for the payment of this indebtedness, and being given authority to do so by clause 6, section 63, *supra*, is there any sufficient reason for holding, by construction or implication, that the constitution renders that statute void? We think not. The constitution does not say that the indebtedness must be paid within twenty years. It does not say that if, from any unforeseen circumstance, the debt, or a part of it, remains due at the expiration of twenty years, without a sufficient fund on hand to pay it, the city council may not provide for an extension of the debt. The principle is elementary, and has been applied in cases almost without number by this court, that statutes should not be held unconstitutional where any reasonable construction can be given them which will avoid that result, and that they will not be declared void, as in violation of the constitution, except where the violation is clear and plain.

Much of the argument of counsel is devoted to show-
ing that it was the object of the people in adopting the
latter clause of section 12 of the constitution, *supra,* and
it became thereby the policy of the State, that municipal
indebtedness should not be created to extend beyond a
period of twenty years.   We are not disposed to dissent
from that view.   On the contrary, we think an intention
that such a limit should be placed upon such indebted-
ness is sufficiently manifested by the language of the con-
stitution itself.   Nor are we disposed to call in question
the wisdom of such provision.   Evidently it is the duty,
under this constitution, of every city council, when it
contracts a municipal indebtedness, to faithfully and
honestly provide for the levy of a tax sufficient to pay
it within twenty years. . Failing to do so, it could doubt-
less be compelled to perform that duty.   But the ques-
tion here is, when the attempted discharge of that duty
has failed to accomplish its object, what is the remedy?
Does the public policy which should have been carried
out but was not, take away from the city council the
power given it by the legislature, as provided in para-
graph 6, *supra?*   It is also a matter of public interest
that oppressive taxation should, as far as possible, be
avoided, and if, in the judgment of the city council, the
emergency which has here arisen can be met with less
inconvenience and with less oppression by issuing bonds
bearing the lower rate of interest, to mature in the future,
than by levying a tax to be collected in a single year, we
see no reason why, from the standpoint of public policy,
it might not be allowed to do so.   It was said in *City of
Quincy* v. *Warfield,* 25 Ill. 317: "It is true, the provisions of
the charter authorizing the issuing of bonds do contem-
plate that the city council will provide, by taxation, for
their payment when due,   *   *   *   and establish a sink-
ing fund for that purpose, and doubtless that is the true
policy."   Nevertheless, it was held in that case that the
failure to perform that duty did not deprive the city

council of the power to issue a new bond in payment of the old, if not prepared to pay it at maturity.

The decision of this case may be briefly announced, as follows: The bill shows upon its face that the city council was authorized by statute to issue the bonds in question, and it seeks to restrain the exercise of that power on the ground that the statute is in violation of the constitution. In order to do so, the burthen is upon the complainant to clearly show that the statute is in plain and palpable violation of the constitution, and this he has failed to do. The decision of the circuit court in sustaining the demurrer and dismissing the bill was therefore right, and is affirmed.

*Decree affirmed.*