WILLIAM BOOTH, Appellee, vs. CHARLES E. OPEL,
Appellant.

*Opinion filed February 1, 1910—Rehearing denied April 7, 1910.*

1. CONSTITUTIONAL LAW—*section 8 of article 9 does not confer power on county board to levy taxes.* Section 8 of article 9 of the constitution, prohibiting county boards from assessing taxes to exceed seventy-five cents per $100 valuation unless authorized by a vote of the people, confers no authority upon county boards to assess or levy any taxes, and no county board can assess property or levy taxes merely by virtue of the constitution.

2. SAME—*county can only levy taxes when authorized by the legislature.* Neither counties nor other municipalities have any inherent power to levy taxes but such power is dependent upon legislation, and it may be destroyed or discontinued at the pleasure of the legislature unless there is an interference with some existing obligation and a consequent violation of some constitutional provision relating thereto.

3. SAME—*the act of 1909, relating to reduction of tax rate by county clerk, does not violate section 8 of article 9.* The act of 1909, (Laws of 1909, p. 323,) directing the county clerk to reduce the tax rate to three per cent of the assessed value of taxable property, is not a violation of section 8 of article 9 of the constitution, limiting the county board's assessment of taxes to seventy-five cents per $100 valuation.

4. SAME—*what does not render law regulating county or township affairs local or special.* While the constitution prohibits the enactment of local or special laws regulating county or township affairs, yet such a law is not necessarily local or special because it does not apply in precisely the same manner to every county or township in the State.

5. SAME—*classification by population does not necessarily render act local or special.* A law is not local or special because it classifies counties or townships on the basis of population if the number of inhabitants creates substantial differences in the situation and needs concerning the subject of the legislation, and that question, whenever it arises in a judicial proceeding, will be determined by the courts for the purpose of deciding whether the act is in conflict with the constitutional provision.

6. SAME—*second proviso to act of 1909 does not make it a local or special law.* The act of 1909, (Laws of 1909, p. 323,) relating to the reduction of the tax rate by county clerks, is a revenue

law; but even regarding it as a law regulating county and township affairs it is not rendered local or special by the different limitations of the second proviso, which lay down different rules for such reduction based upon a classification of counties and cities by population.

7. SAME—*when law is void as impairing obligation of contracts.* After a municipal corporation has contracted a valid debt, any law which will deprive it of the means of payment to any considerable extent, such as a law materially diminishing its powers of taxation, is void, as impairing the obligation of contracts.

8. SAME—*issuing of tax anticipation warrants is not incurring indebtedness.* Tax anticipation warrants are not contracts and do not add to the indebtedness of the city which has issued them nor create any obligation on the part of the city, and the only remedy by the holder is against the officers individually, to compel them to collect the tax.

9. SAME—*provision of constitution that municipal corporation shall levy tax to pay indebtedness is self-executing.* The constitutional provision that a municipal corporation incurring indebtedness shall provide for an annual tax sufficient to pay the interest as it matures and to discharge the debt is self-executing, and supplies a sufficient rule by means of which the duty may be enforced.

10. SAME—*act of 1909, relating to reduction of tax rate, does not purport to violate obligation of contracts.* The act of 1909, (Laws of 1909, p. 323,) relating to the reduction of the tax rate by county clerks, expressly exempts from reduction school building taxes and bonded indebtedness taxes in cities where the bonded indebtedness of the city exceeds six per cent of the assessed valuation of property therein, and there is nothing in the act which shows that any other indebtedness may not be paid under the provisions of the act.

11. SAME—*limit on taxation may be applied to all corporate authorities in the aggregate.* While the legislature cannot delegate the right of corporate or local taxation to any other than the corporate or local authorities of the district to be taxed, yet it has power to limit the several taxing authorities in the amounts which they may, respectively, take from the tax-payers and may apply such limitation to all the taxing authorities in the aggregate.

12. SAME—*act of 1909 does not violate provision against delegating taxing power.* The act of 1909, relating to the reduction of tax rate by county clerks, does not violate the constitutional provision against the delegation of the right of corporate or local taxation to other than the corporate or local authorities of the district to be taxed.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

EDMUND BURKE, State's Attorney, (A. F. BERNARD, and T. J. SULLIVAN, of counsel,) for appellant.

E. S. SMITH, for appellee.

W. H. STEAD, Attorney General, and JUNE C. SMITH, for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Forty-sixth Assembly passed an act which was approved by the Governor on June 14, 1909, and in force July 1, 1909, amending section 2 of the act concerning the levy and extension of taxes, (Laws of 1909, p. 323,) and this suit was brought to question the validity of the act. It provides that the county clerk in each county of the State shall ascertain the rates per cent required to be extended upon the assessed valuation of the taxable property in the respective towns, townships, districts, incorporated cities and villages in his county, as equalized by the State Board of Equalization for the current year, to produce the several amounts certified for extension by the taxing authorities in said county as the same shall have been reduced as therein provided, in all cases where the original amounts exceed the amounts authorized by law. There are two provisos to the act, the first of which does not restrain or limit the generality of the act in any manner. It provides that if the aggregate of all the taxes, exclusive of those enumerated therein not subject to reduction, certified to the county clerk shall exceed three per cent of the assessed valuation of the property upon which the taxes are to be extended, he shall reduce the rate per cent of the tax levy of the taxing district in the same proportion in which it

would be necessary to reduce the highest aggregate per cent of all the tax levies, exclusive of the taxes before mentioned not subject to reduction, to bring the same down to three per cent of the assessed value of the taxable property upon which said taxes are required by law to be extended. The second proviso creates somewhat different limitations as to different taxing districts based on population. It provides that in reducing taxes the rate levied for county purposes in counties having a population of over 300,000 shall not be reduced below forty cents on each $100 assessed valuation and in other counties shall not be reduced below forty-five cents on each $100 assessed valuation; that in cities and villages having a population of over 150,000 the rate for city or village purposes, exclusive of library, school and park purposes, shall not be reduced below $1.10 on each $100 assessed valuation nor the rate for school taxes for educational purposes below $1.05 on each $100 assessed valuation; that in cities and villages having a population of less than 150,000 the rate for city and village taxes, exclusive of taxes levied to pay bonded indebtedness, shall not be reduced below $1.20 on each $100 assessed valuation and the rate of school taxes for educational purposes shall not be reduced below $1.50 on each $100 assessed valuation. The appellee, William Booth, filed his petition, in the name of the People, in the circuit court of Sangamon county, alleging that he was a citizen, legal voter and tax-payer in the city of Springfield, in said county, and was the owner of anticipation warrants issued by the city of Springfield and county of Sangamon, payable out of the taxes for the year 1909 when collected; that the various taxing authorities in said city had certified to the appellant, Charles E. Opel, as county clerk, taxes, exclusive of those not subject to reduction, amounting in the aggregate to $3.96 on each $100 assessed valuation of the taxable property in the city as equalized for the year 1909; that the appellant refused to extend the taxes at the rate

specified by the authorities but threatened to reduce the same to three per cent of the assessed valuation, and that he claimed as his authority for such reduction the aforesaid act. The petition prayed for a peremptory writ of *mandamus* requiring the appellant to extend such rates as would produce the aggregate of the amount of $3.96 on each $100 assessed valuation. The defendant entered his appearance, waived service of process and filed a general demurrer. The court overruled the demurrer, and the defendant having elected to stand by it, a peremptory writ was ordered as prayed for in the petition, and the defendant appealed to this court.

Counsel for the relator filed in this court a brief and argument insisting that the act is unconstitutional on various grounds therein specified, and cited numerous authorities which he contended sustained his position. The State's attorney and counsel for the county clerk did not comply with the rules of the court requiring a brief and argument but contented themselves with a statement of the case, to which was appended the following: "It is respectfully urged that the court below erred in overruling the defendant's demurrer to the petition for the writ of *mandamus*, and a reversal of the judgment is respectfully asked." Upon examination of the case it was found that the validity of an act which concerns the people of the State was involved and that the court was without the benefit of brief or argument in support of the act. An order was entered directing the Attorney General to enter his appearance in his official capacity, as representative of the public, and to file a brief in the case. Time was allowed to the Attorney General for that purpose, and having given due consideration to the questions raised, he filed such a brief as in his judgment would protect the interests of the public, and his brief and argument have proved of great assistance in determining the constitutionality of the statute.

244—21

The first objection made to the act is, that it violates section 8 of article 9 of the constitution by limiting the power of county boards to levy taxes for county purposes below seventy-five cents on each $100 assessed valuation. That section provides that county authorities shall never assess taxes, the aggregate of which shall exceed seventy-five cents per $100 valuation, except for the payment of indebtedness existing at the adoption of the constitution unless authorized by a vote of the people of the county, and it confers no authority upon county boards to assess or levy any taxes. The authority to levy taxes is derived from other sections of the constitution. Section 1 of the same article requires the General Assembly to provide such revenue as may be needful by levying a tax by valuation, the value to be ascertained by some person or persons to be elected or appointed in such manner as the General Assembly shall direct, and not otherwise. Section 9 of the same article gives the General Assembly power to vest municipal corporations with authority to assess and collect taxes, and no county board could assess property or levy a tax merely by virtue of the constitution. Section 8 is purely a limitation beyond which county authorities are not permitted to go, even under legislative authority. Neither counties nor other municipalities have any inherent power to levy taxes but the power is dependent upon legislation, and it may be destroyed or discontinued at the pleasure of the legislature unless there is an interference with some existing obligation and a consequent violation of some other constitutional provision. The objection is unfounded.

The second objection is, that the act is a local and special law regulating county and township affairs, in violation of section 22 of article 4 of the constitution, which prohibits the passage of laws of that character. The body of the act and the first proviso extend, both in terms and in fact, to every county in the State, without distinction or discrimination, but the second proviso places limitations on

the reductions to be made in certain taxes, based on population of different municipalities. The petition does not allege that the city of Springfield, the county of Sangamon, or any taxing district of either, is affected in any way by the classifications of the second proviso, which give to other counties and cities of greater population less privileges than are enjoyed by the city of Springfield and the county of Sangamon. Why the relator should complain that restrictions are imposed on counties having a population of over 300,000 and cities with a population of over 150,000 is not very clear. The only matter which affects him is the provision that the county clerk shall reduce the aggregate amount of the taxes mentioned in the petition to three per cent of the assessed valuation of the property subject to taxation, and the second proviso only concerns him if it should be considered invalid and its invalidity should render the whole act void. The classification, in itself, does not in any way affect the relator's rights, and unless a classification by population is void and destroys the whole act the judgment on the demurrer was wrong.

The constitution prohibits the enactment of local or special laws regulating county and township affairs, but if this is an act regulating county or township affairs it is not necessarily local or special because it does not apply in precisely the same manner to every county or township in the State. It is a revenue law, and in the case of *People v. Commissioners of Cook County*, 176 Ill. 576, it was contended that the Revenue act then under consideration was a local or special law regulating county and township affairs, but the court said that it was not. The act provided that in counties containing 125,000 or more inhabitants a board of review should be elected, but in counties of less than 125,000 under township organization the clerk of the county court, the chairman of the county board and some citizen appointed by the county judge should constitute a board of review, and in counties not under township organi-

zation the board of county commissioners should constitute such board. This left Cook county without any board of review from the taking effect of the act, on July 1, to the following January, so that the relator was deprived of any review of her assessment. The court said that the act did not purport or attempt to regulate county or township affairs, and it could not be said that by the Revenue act the legislature had attempted to regulate the same. But if this act does amount to a regulation of county or township affairs the different limitations in the act are based solely on population, and classification by population may be valid if the number of inhabitants creates substantial differences concerning the subject of the legislation.

In *Devine* v. *Commissioners of Cook County,* 84 Ill. 590, there was some speculation in the opinion as to the effect if the legislature could designate as many classes as there are counties in the State by such a classification, which would be an absurdity and render valueless the provision of the constitution. The case, however, was decided on the ground that the act, which was limited in its operation to six years and to a county where there had been a recent destruction by fire of public buildings and was for the purpose of erecting a court house on a site previously used, could apply only to Cook county, and was passed with plain intent to evade the constitutional provision. In the subsequent case of *Cummings* v. *City of Chicago,* 144 Ill. 563, the constitutionality of an act providing for the division of special assessments exceeding a certain amount in cities of a certain population was considered, and the question was whether the act was local or special. It was there said that numerous instances might be given where classification by population had been held valid on account of dissimilarity in the conditions of different municipalities. Again, in *People* v. *Onahan,* 170 Ill. 449, it was held not to be the intention of the framers of the constitution to forbid, by section 22, the passage of any law relating to

the subjects therein enumerated, unless by its terms and effect it should apply in all cases to all the people of the State and to every local subdivision. In both of these cases the decision in the *Devine case* was placed on its true ground and was distinguished from them.

In *People* v. *Martin,* 178 Ill. 611, a classification based merely upon the fact that certain territory had previously constituted a part of an incorporated town was held void upon the ground that the mere fact of previous location formed no basis for classification, and that there must be something, in the nature of things, which in some reasonable degree accounts for the division into classes.

In *People* v. *Knopf,* 183 Ill. 410, it was held that a classification of municipalities cannot be adopted arbitrarily upon a ground which has no foundation in difference of situation or circumstances of the municipalities placed in different classes, but there must be some reasonable relation between the situation of the municipalities classified and the objects to be attained. It was not doubted that a classification of the counties of the State by population, as a basis for legislation, is valid, if such classification is in accordance with material distinctions between populous districts and sparsely settled communities. The classification in that case was condemned on the ground that it was arbitrary and unnatural and based solely on location within a county of a certain population.

In *Knopf* v. *People,* 185 Ill. 20, it was held that while the legislature might decide whether a general law could be made applicable except as to the subjects specified in section 22, they could not determine that question as to such subjects so as to put it beyond the power of review by the courts. It was said that in the enactment of general laws the legislature may classify counties and other municipalities on the basis of population if there are actual grounds of difference between the municipalities or taxing districts placed in different classes, but that one county can

not be singled out for legislation on the ground of alleged differences in circumstances and conditions unless they actually exist, and if the question arises in a judicial proceeding, the court will determine whether there are reasonable distinctions in the conditions and circumstances of the municipalities classified, arising out of the number of inhabitants.

In *Pettibone* v. *West Chicago Park Comrs.* 215 Ill. 304, an act limited to a town which was at the time included within the limits of a city where the boundaries and limits of the town were co-extensive with the boundaries and limits of a park district in which a board of park commissioners then existed, was held to be void because it referred to no town except West Chicago, and there was no possible connection between the fact that the limits of the town were co-extensive with the limits of the park district and the necessity and desirability of having small parks or pleasure grounds.

In *People* v. *Election Comrs.* 221 Ill. 9, the validity of acts in which counties have been classified according to population, resting on substantial differences in situation and needs, was recognized, but it was held that the act then questioned was based on no reason which could make a difference between Cook county and other counties.

From these and other decisions it becomes manifest that a law is not local or special for the reason that it classifies counties or townships on the basis of population if the number of inhabitants creates substantial differences in situation and needs concerning the subject of the legislation, and the court will determine that question whenever it arises in a judicial proceeding, for the purpose of deciding whether an act conflicts with the constitutional provision. We think it is equally manifest that there is a reasonable ground of distinction with reference to the rate of taxation for county and other purposes specified in the second proviso to this act, between densely populated coun-

ties and cities and those which are sparsely settled. It is not an unreasonable conclusion that a slightly lower rate of taxation would be required for the discharge of all the duties imposed upon county boards in counties of a population of 300,000 or more than those of less population, and the same may be said with reference to school taxes and taxes for city or village purposes. We conclude that if the act is viewed as one regulating county or township affairs it is not rendered local or special by the different limitations in the second proviso.

The third objection is, that the act impairs the obligation of contracts. All legislative acts passed after a municipal corporation has contracted a valid debt which would deprive it of the means of payment to any considerable extent, such as a law materially diminishing its powers of taxation, is void as impairing the obligation of the contract. (*Peoria, Decatur and Evansville Railway Co.* v. *People,* 116 Ill. 401.) It does not appear, however, from the act itself or any fact alleged in the petition, that the obligation of any contract would be impaired or payment delayed or impeded. The only averment of the petition touching a personal interest of the relator is, that he is the holder of anticipation warrants issued by the county of Sangamon and city of Springfield. These warrants are not contracts and the city is not indebted on account of having issued them. Such warrants, payable out of a tax already levied, do not add to the indebtedness of a city which has reached the constitutional limit and they create no obligation on the part of the city, the only remedy of the holder being against the officers individually, to compel them to collect the tax. (*City of Springfield* v. *Edwards,* 84 Ill. 626.) The constitutional provision that a municipal corporation incurring indebtedness shall provide for an annual tax sufficient to pay the interest as it matures and to discharge the debt is self-executing and supplies a sufficient rule by means of which the duty may be

enforced. (*City of East St. Louis* v. *People,* 124 Ill. 655.) But the issuing of anticipation warrants is not incurring indebtedness. Among the taxes which cannot be reduced are school building taxes and bonded indebtedness taxes in cities whose bonded indebtedness exceeds six per cent of the assessed valuation of the property therein, and there is nothing in the act or petition which shows that other indebtedness may not be paid under the provisions of the act. By another act which took effect at the same time as this one, the assessed value of property for purposes of taxation was raised from one-fifth to one-third of the full value, which had the effect to increase the amounts that could be raised by taxation.

The fourth and last objection is, that the act takes from the corporate authorities the power to levy taxes for their own corporate purposes and delegates the power, to a certain extent, to other corporate or municipal organizations. The legislature cannot delegate the right of corporate or local taxation to any other than the corporate or local authorities of the district to be taxed. (*Wetherell* v. *Devine,* 116 Ill. 631; *Morgan* v. *Schusselle,* 228 id. 106.) But it is not very clear from the argument for the relator in what way it is claimed that this act violates that provision. The tax-payer has a right to object to being taxed by any except the corporate authorities of the taxing district, but under the act all taxes are levied by such authorities. There can be no doubt that the legislature, so far as that provision of the constitution is concerned, may limit the several taxing authorities in the amounts which they may respectively take from the tax-payer, and we see no reason why a limitation may not be applied to all the corporate authorities in the aggregate.

The judgment of the circuit court is reversed and the cause is remanded to that court, with directions to sustain the demurrer.

*Reversed and remanded, with directions.*