THE PEOPLE *ex rel.* August Ehrhardt, County Collector, Appellee, *vs.* THE CHICAGO AND ALTON RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1910.*

1. TAXES—*taxing district, within meaning of amended Revenue law, is the municipality which levies the tax.* A taxing district, within the meaning of the amended Revenue law of 1909, is the municipality which levies the tax to be scaled.

2. SAME—*when town tax must be scaled throughout township.* Where that part of a township in which the tax rates are highest is within the limits of a school district and a city, and the school district and city overlap but neither is entirely within the other, the town tax, if it is necessary to reduce the same under the amended Revenue law of 1909, must be reduced throughout the entire township and not merely within the school district, as otherwise the town tax would not be uniform throughout the township, as is required by the constitution.

3. STATUTES—*statutes should be construed to render them constitutional, if possible.* It is the duty of courts, when it is possible to do so, to adopt such a construction of statutes as will uphold them rather than one which would render them unconstitutional.

4. CONSTITUTIONAL LAW—*amended Revenue law of 1909, relating to reduction of tax rates, is valid.* The amended Revenue law of 1909, (Laws of 1909, p. 323,) relating to the reduction of tax rates by the county clerk, is valid. (*Booth* v. *Opel,* 244 Ill. 317, and *Town of Cicero* v. *Haas,* id. 551, followed.)

APPEAL from the County Court of Will county; the Hon. GEORGE J. COWING, Judge, presiding.

J. L. O'DONNELL, T. F. DONOVAN, and J. A. BRAY, (WINSTON, PAYNE, STRAWN & SHAW, of counsel,) for appellant.

GEORGE A. BARR, State's Attorney, (W. H. STEAD, Attorney General, and SAMUEL W. KING, of counsel,) for appellee.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

The county treasurer of Will county, as collector of taxes, applied to the county court, at its June term, 1910, for judgment for unpaid taxes for the year 1909. The Chicago and Alton Railroad Company filed objections to certain taxes for which judgment was sought, and among them to an item of $482.27, being a part of the town tax levied against the property of the railroad company in Reed township, which amount had not been paid. The county court overruled the objections and entered judgment for the sum of $482.27 and costs. The railroad company has perfected an appeal to this court from that judgment.

The objection to this tax is, that it is excessive to the amount of the difference between $1.38 per $100 and seventy-five cents per $100. The valuation of appellant's property in Reed township is $76,551. Computed at the rate of excess, which is sixty-three cents, the amount of taxes for which appellant claims it is not liable is $482.27. The part of Reed township in which the tax rates are highest is within the limits of school district No. 6 and the city of Braidwood. The school district and the city overlap but neither is entirely within the limits of the other. The tax rates levied for the year 1909 against property situated

both in the city of Braidwood and school district No. 6 were:

| | | |
|---|---|---|
| State tax | $ .35 | per $100. |
| County tax | .40 | " |
| Town tax | 1.38 | " |
| Road and bridge tax | .36 | " |
| City of Braidwood tax | 2.25 | " |
| Educational tax | 1.50 | " |
| School building tax | .39 | " |
| Total tax rate | $6.63 | " |

Under section 2 of the amended Revenue law of 1909 some of these taxes are excluded from scaling or reduction. Those so excluded are:

| | |
|---|---|
| State tax | $ .35 |
| Road and bridge tax | .36 |
| School building tax | .39 |
| Total | $1.10 |

Deducting this amount from the total tax rate of $6.63 leaves a balance of $5.53, which must be reduced to three per cent, which is the maximum rate.

The amended Revenue law provides that certain taxes are to be extended at full rate and others not to be reduced below a certain minimum per cent. Under this law the only tax which is subject to reduction is the town tax rate of $1.38. The only question in this case is whether the $1.38 town tax should be scaled for the entire township, or only in that portion of school district No. 6 and the city of Braidwood where the excess rate exists. In other words, the question is whether the whole township is a "taxing district" within the meaning of this law, or whether the school district is the taxing district in which the rates are to be scaled. The court below held that the school district was the taxing district. We are of the opinion that this ruling is erroneous. A taxing district, within the meaning of this law, is the municipality which levies the tax that is to be scaled. If the appellee's contention be

allowed to prevail, the result would be that one portion of Reed township would be paying town taxes at the rate of $1.38 per $100 valuation while other portions of the same township would only pay seventy-five cents per $100. This construction would render the statute unconstitutional. Section 9 of article 9 of the constitution requires that all municipal taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same. By scaling the town taxes in Reed township to seventy-five cents per $100 the uniformity required by the constitution will be preserved. If the scaling should be limited to some other municipality within or partly within such township less than the township, the uniformity of rates would be destroyed.

It is probably true, as suggested on argument, that the construction which we have given to section 2 of the Juul law may have the effect of depriving municipalities of a large part of their revenue. If such be the effect, it is a matter for the legislature to consider and not for the courts. It is the duty of courts, when possible to do so, to adopt such a construction of statutes as will uphold them, rather than one which would render them unconstitutional. This court has heretofore sustained the constitutionality of the amended Revenue law of 1909. *Booth* v. *Opel,* 244 Ill. 317; *Town of Cicero* v. *Haas,* 244 id. 551.

The county court erred in not sustaining the objection to the excess of taxes in Reed township.

The judgment of the county court of Will county is reversed and the cause remanded to that court, with directions to enter a judgment sustaining the objections to the tax involved.

*Reversed and remanded, with directions.*