(No. 22133.—

THE PEOPLE *ex rel.* Joseph B. McDonough, County Collector, Appellee, *vs.* ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellant.

*Opinion filed April 21, 1934.*

EMMET TRAINOR, and F. W. MILLER, (CHARLES H. WOODS, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, (WILLIAM H. SEXTON, Corporation Counsel, and LEON HORNSTEIN, of counsel,) for appellee.

Per CURIAM: An opinion in this case was filed at the December, 1933, term of this court. A rehearing was allowed at the February, 1934, term. Upon further consideration of the case the former opinion, with some amplification, is re-adopted as the opinion of the court.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

The county court of Cook county entered an order on July 15, 1933, in part sustaining and in part overruling the objection of the Atchison, Topeka and Santa Fe Rail-

way Company, the appellant, to a 1930 tax levied by the city of Chicago for payment of certain bonds and interest. This appeal followed.

Prior to February 4, 1930, the city of Chicago issued numerous bonds which matured on January 1, 1932, totaling $8,998,000. On February 4, 1930, the city council passed its annual levy ordinance, which included the amount to be levied in 1930 for interest on bonded debts payable in 1931 and for bonds due January 1, 1932, and July 1, 1932. The total amount levied for these purposes was $13,025,000. Of this total, the sum of $1,185,724 was levied for loss and cost in collection of taxes for bonds and interest. Over a year later, on October 21, 1931, the city council passed another ordinance authorizing the issuance and sale of refunding bonds with which to meet the maturities of January 1, 1932. Each bond issue included in the ordinance of October 21, 1931, was also included in the levy ordinance of February 4, 1930, and supplemental ordinances of May 21, 1930. The refunding bonds were sold and the proceeds from the sale were used to pay the principal, interest and loss and cost of collection of the bonds which matured January 1, 1932. In the ordinance of October 21, 1931, the sum of $1,454,148.50 was levied to pay principal and interest on refunding bonds due January 1, 1933, and the county clerk added to the levy the sum of $161,572.06 to cover loss and cost of collection. At the time the appellant paid its 1930 taxes it withheld the sum of $6798.65, which represented that part of the taxes extended for bond maturities of January 1, 1932, under the levy of February 4, 1930, and the supplemental levies of May 21, 1930. After hearing the evidence the county court sustained appellant's objection to $1115.06, included in the sum of $6798.65, and gave judgment for the balance of $5683.59. The court held that the levy made on February 4, 1930, and the supplemental levies of May 21, 1930, to pay principal and interest and

loss and cost of collection on the bonds which matured January 1, 1932, were legal and valid. The appellant seeks to reverse that part of the order requiring it to pay over the sum of $5683.59 withheld by it under its objection to the levies of 1930 but is satisfied with that part of the ruling of the county court which sustained its objection to the tax in the sum of $1115.06. In other words, the appellant contends that the county court should have held the ordinances of 1930, as well as the ordinance of October 21, 1931, invalid.

Appellant devotes much argument in its brief to the loss and cost items, but no separate issue was raised in the trial court that the item of loss and cost of collection was excessive, and no assignment of error has been made which brings that point before us here.

Appellant contends that the city should not be allowed to collect for a debt that has been previously paid by issuance of refunding bonds. It appears that in order to keep its credit good the city of Chicago used other accumulated funds on hand to purchase the bonds which matured on January 1, 1932, at a time when the tax-payers in large numbers had failed to meet their obligations. The temporary use of other municipal funds under these circumstances, even though unauthorized by law, would not amount to an extinction or payment of the debt. Liabilities against municipalities accruing during the year for which the levy is made frequently must be paid prior to the collection of the tax in order to preserve the credit of the municipality, and it is the duty of officers in charge of the levy and collection of taxes to use sound business judgment in order that the credit of the municipality be not impaired. (*People* v. *Atchison, Topeka and Santa Fe Railway Co.* 261 Ill. 33.) This court has held that the constitutional requirement for the collection of a tax sufficient to pay interest when due and to discharge the principal continues while the debt exists, and it is the duty and

right of school authorities to levy a tax for that purpose, which, when collected, may be used to re-pay advancements made from the general school fund. *People* v. *New York, Chicago and St. Louis Railroad Co.* 323 Ill. 493; *Gates* v. *Sweitzer,* 347 id. 353.

If the county court had overruled all of the appellant's objections and had sustained both the ordinances of 1930 and the ordinance of October 21, 1931, a different situation would confront us and the argument of appellant that the tax-payers of Chicago would be required to pay twice would have more force. While the appellant says in its argument that it was its contention that the city council of Chicago could legally provide for the maturities of bonds on January 1, 1932, in its ordinances of February 4 and May 21, 1930, or, as an alternative, refund the maturities, as it did, by a refunding bond issue created by the ordinances of October 21, 1931, by which a tax was levied to provide for the interest and sinking fund requirements of the refunding bond issue, its objection to the levy under the last mentioned ordinances of October 21, 1931, was sustained by the county court. There is no assignment of error in this case to this ruling, which was favorable to the appellant. Moreover, we sustained this ruling of the county court in *People* v. *New York Central Railroad Co.* (*ante,* p. 67.) This left remaining for consideration the validity of the levies under the ordinances of February 4 and May 21, 1930. It is obvious that under these circumstances there could be, at least, no double taxation in the levies for the year 1930.

In *City of East St. Louis* v. *United States,* 120 U. S. 600, 30 L. ed. 798, the tax-payers in East St. Louis had failed to pay sufficient taxes to meet interest and a part of the principal of a bonded indebtedness. One of the questions raised was whether a tax could be ordered by *mandamus* to be levied in a single year to pay the entire deficit. The Supreme Court of the United States said:

"The law required a tax to be levied annually sufficient to pay all interest as it accrued and principal when due. This was neglected, and consequently there is now a large accumulation of a debt which ought to have been paid in installments. Thus far the inhabitants have been allowed to escape taxation at the times it ought to have been laid and to which they were under constitutional obligations to submit. The accumulation of the debt was caused by their own neglect as members of the political community which had incurred the obligation. Such being the case, we see no reason why it was not in the power of the court to order a single levy to meet the entire judgment, which was for all past due obligations."

If there was a constitutional obligation on the appellant to pay the levies made when the bond issues in question were authorized and a levy was made for payment of principal and interest in annual installments within the provisions of section 12 of article 9 of the constitution, this could not be affected by the fact that certain tax-payers, no matter how large the number, failed to pay their taxes. The situation would not be changed if a refunding bond issue were made use of instead of a single levy, as in the case last cited. If, as indicated in that case, a tax could be levied, it would be subject to the objection by any tax-payer who had paid all assessments under the original bond issue levies that he was compelled to pay double. In a measure this would be true, but we have held in *Gates* v. *Sweitzer, supra,* that a tax may be levied to reimburse a fund used to prevent default of maturing bonds and interest because of a deficit in the proceeds derived from a levy made when the bonded debt was incurred. We held in *Kane* v. *City of Charleston,* 161 Ill. 179, that the issuance of refunding bonds by a municipal corporation under a statute allowing it, is not prohibited by the constitution, (article 9, section 12,) providing that before the incurring of the indebtedness, provision shall be made for an an-

nual tax sufficient to pay the interest as it falls due and discharge the principal within twenty years, although such bonds extend the indebtedness beyond twenty years from the date at which it was originally contracted. In both of these cases double taxation might be caused to some extent, yet we held the tax levies valid.

Another error has been assigned that appellant has been deprived of its constitutional rights, but since it is not argued it must be held to have been waived and abandoned.

The judgment of the county court of Cook county is therefore affirmed.

*Judgment affirmed.*

Mr. Justice DeYoung, dissenting.