[No. 2,889.]

# HENRY E. ROBINSON v. THE SUPERVISORS OF BUTTE COUNTY.

MANDAMUS TO SUPERVISORS TO LEVY A TAX.—When the Legislature makes it the duty of the Supervisors of a county to levy a tax sufficient to pay the interest on, and ultimately satisfy the principal of, outstanding bonds of the county, the Board must fairly exercise its judgment with a view to effect the end contemplated, and if it refuses to do so, may be compelled by the writ of mandate.

IDEM.—If in such case the Board levies a tax which its members know will not produce a sufficient sum, it will be compelled by writ of mandate to levy the additional percentage required.

The facts are stated in the opinion.

*Beatty & Denson,* for Petitioner.

There was no discretion in the Board. It was simply a matter of calculation. The law provides that it shall yearly raise enough to pay the interest and the bonds at maturity. The annual interest is twenty thousand dollars, and, as the bonds had ten years to run after 1870, the Board should have levied a tax in 1870 that would yield twenty thousand dollars and one tenth of the principal. It is true that, there being no exact method of determining the precise percentage necessary to raise the forty thousand dollars, the Board must exercise its judgment (not discretion) in determining the necessary percentage. But this is just what the Board did not do, admitting the petition to be true. The Board exercised its discretion in refusing to carry out the law, and in determining it would only raise a fraction of the yearly interest. We want them compelled to exercise their judgment in determining what percentage will be required to pay the entire interest and the proper proportion of principal.

*Haymond & Stratton*, for Defendants.

The power of the Supervisors is exhausted. (*People* v. *Supervisors of Schenectady*, 35 Barb. 408.)

When discretion enters into the act of the inferior tribunal or Board, it ousts the jurisdiction by mandate. (*People* v. *Sexton*, 24 Cal. 78; *Magee* v. *Calaveras County*, 10 Cal. 376; *Flugley* v. *Hubbard*, 22 Cal. 37.)

Discretion, in the sense in which it is used by the authorities cited, is the exercise of judgment—the power of acting without being bound by any fixed rule. (Burrell's Law Dictionary.)

The laws in question prescribe a fixed rule, and also provide for the exercise of judgment. The fixed rule is that a tax must be levied. Judgment is exercised as to the amount to be levied. The Supervisors have levied a tax, and have exercised their judgment as to the amount. For these reasons the writ should be denied.

By the Court, WALLACE, C. J.:

This is an application made to this Court for a writ of mandamus directing the Board of Supervisors of Butte County to increase the levy of taxes for the Railroad Fund of that county from forty cents to eighty cents on each one hundred dollars worth of property in the county. The Board have appeared and filed a general demurrer to the petition.

It appears that the petitioner is the holder of thirty-two of the bonds, each for one thousand dollars, issued under the Act of March 14th, 1860 (p. 90); the amendatory Act of March 29th, 1860 (p. 133) and the Act of April 8th, 1863 (p. 237), authorizing the County of Butte to purchase and hold two hundred of the first mortgage bonds of the California Northern Railroad Company (each for one thousand

dollars) and to issue two hundred bonds of said county (each for one thousand dollars), in the purchase of the same, and for other purposes connected therewith.   The petition alleges that a large sum for interest accrued is due and unpaid, and that the Board levied a tax of forty cents upon each one hundred dollars worth of taxable property in the county, and no more, for the Railroad Interest Fund; and further, that it is the fact, and the Board at the time well knew it to be the fact, that that rate of taxation is insufficient to produce the amount necessary to pay the annual accruing interest upon these bonds, etc.

The Acts referred to, and under which the bonds were issued, provided that the Railroad Interest Fund, in the County Treasury of Butte County, should be made up of moneys to be collected upon the interest coupons of the two hundred thousand dollars of bonds issued by the railroad (and which the county held in exchange for her own bonds issued for the same amount), and that any deficiency resulting should be supplied by taxation, to be levied and collected in the same manner as other taxes.   But, by an Act passed in the year 1866 (p. 338), the Board were authorized to exchange the railroad bonds held by the County of Butte for her own bonds outstanding, at the rate of two railroad bonds for one county bond; and the Act further provided (section four) that " the Board of Supervisors shall annually, at the same time and in the same manner as other taxes are levied, levy and cause to be collected a tax upon all the taxable property of the county sufficient for the payment of the interest accruing from year to year upon all the bonds of the county outstanding, the proceeds of which tax shall be paid into the Railroad Interest Fund of said county; and on and after the year 1870, in addition thereto, shall cause to be levied and collected, in like manner, yearly, a tax sufficient to redeem said bonds at maturity."

The effect of the statute was to make it the duty of the

Board to provide by taxation a sufficient amount to meet the accruing interest on the county bonds outstanding, and also to create a Redemption Fund.

This is the duty of the Board, specially enjoined upon them by the statute of 1866, and one to the effective performance of which they are bound, and in so doing are to fairly exercise their judgment with a view to effect the end contemplated, to wit, the payment of the accruing interest, and providing a fund for the redemption of the bonds. The petition alleges, and the demurrer admits, for the purpose of this determination, that when the Board made the levy of forty cents it, and each of the members thereof, well knew that the forty cents levied would not produce enough to pay the annual accruing interest upon the outstanding county bonds by from some two thousand dollars to six thousand dollars—would not pay any of the interest already accrued and remaining unpaid, nor provide any sum whatsoever for the Sinking Fund, out of which the bonds are to be ultimately redeemed.

Upon the allegations of the petition the petitioner is unquestionably entitled to the writ, and the demurrer must be overruled.