## EAST ST. LOUIS *v.* AMY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF ILLINOIS.

Submitted January 7, 1887. — Decided March 14, 1887.

The charter of East St. Louis in Illinois, which went into effect March 26, 1869, authorized it to borrow money not exceeding $100,000, and limited its power of special taxation to pay interest and provide a sinking fund to three mills on the dollar of the assessment. The constitution of Illinois which took effect August 8, 1870, forbade municipal corporations in the state from incurring indebtedness to an amount exceeding five per cent. on the value of the taxable property, including existing debt, and required them to provide for the collection of an annual tax sufficient to pay the interest on the debt as it falls due and to pay and discharge the principal within twenty years from the time of its contraction. The city of East St. Louis was in debt when this constitution took effect, and contracted other obligations after that time, but not in excess of the amount named in the charter, and imposed a tax of three mills to meet the debt as required by the charter, but failed for a series of years to collect a tax as directed by the constitution. On an application for mandamus to compel the collection of the latter tax, *Held:* that the constitution removed from the charter the limitation upon the power of the council to tax for the payment of any bonded indebtedness which might thereafter be incurred, and imposed upon the corporation the duty of collecting sufficient to pay the interest as it fell due, and the principal within twenty years, and that it was within the discretion of the court whether to order a single levy to meet all past due obligations under this head, or more than one levy if only one appeared to be oppressive.

MANDAMUS to enforce the collection of a tax upon a municipal corporation. Judgment for the relator. The corporation sued out this writ of error. The case is stated in the opinion of the court.

*Mr. Charles Wait Thomas* for plaintiff in error.

*Mr. George A. Sanders* for defendants in error.

MR. CHIEF JUSTICE WAITE delivered·the opinion of the court.

This is a proceeding by mandamus to require the mayor and council of the city of East St. Louis to levy a tax to pay a judgment against the city for $36,495.28 rendered by the Circuit Court of the United States for the Southern District of Illinois, in favor of H. Amy & Co. on the 22d of August, 1885. The facts are as follows:

By the charter of the city, which went into effect March 26, 1869, the city council was given authority to borrow money on the credit of the city to an amount not exceeding $100,000, and to issue bonds therefor, but the power of special taxation to pay interest and provide a sinking fund was limited to "three mills on the dollar, upon each annual assessment made for general purposes."

The constitution of Illinois which took effect August 8, 1870, contains this provision:

Art. IX, section 12. "No county, city, township, school district, or other municipal corporation shall be allowed to become indebted in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein, to be ascertained by the last assessment for state and county taxes, previous to the incurring of such indebtedness. Any county, city, school district, or other municipal corporation, incurring any indebtedness as aforesaid, shall before, or at the time of doing so, provide for the collection of a direct annual tax sufficient to pay the interest on such a debt as it falls due, and also to pay and discharge the principal thereof within twenty years from the time of contracting the same. . . ."

With this in force the city council of East St. Louis passed three ordinances to borrow money and issue bonds therefor. In each ordinance provision was made for the levy and collection of a special annual tax sufficient to meet the interest and the principal as they respectively fell due. The judgment in favor of Amy & Co. was for interest on these issues of bonds, and the principal of one bond which had become due. The controversy in this proceeding is as to the amount of tax the council is authorized to levy for the payment of this judgment. The three mills tax provided for in the charter has been regularly levied and collected, and the city claims this to be the extent of its corporate power in that behalf. The court, however, was of opinion that, for all bonded indebtedness incurred after the constitution of 1870 went into effect, it was the duty of the city to levy and collect a direct annual tax sufficient to pay both the interest and the principal as it fell due, and as this had not been done, an order was made requiring the levy and collection of "a special tax upon all the taxable property of said city for the year 1886 sufficient in amount to pay" the judgment in full. To reverse that order this writ of error was brought.

The points presented for decision are, 1, whether the constitution of 1870 abrogated that part of the charter which limited the power of the city to tax for the payment of its bonded debt incurred after that constitution went into effect; and, 2, if it did, whether the court could "compel a levy *en masse* to pay the whole debt and interest, when the constitution only required the council to provide for the collection of an *annual* tax to pay the interest as it falls due, and the principal within twenty years."

In our opinion the constitution removed from the charter the limitation upon the power of the council to tax for the payment of any bonded indebtedness which might thereafter be incurred, and gave authority to levy and collect enough to meet the interest as it fell due, and the principal within twenty years. It gave no new power to incur a debt. That had been given by the charter itself to the extent of $100,000. There is here no question as to a limitation of this power by the

provision that the bonded debt shall not exceed in the aggregate five per centum on the value of the taxable property, for no excess of issue has been suggested.

The principle on which this decision rests is the same as that acted on in *Neal* v. *Delaware*, 103 U. S. 370, where this court held that the Fifteenth Amendment of the Constitution of the United States, of itself, and without any action by the state, rendered inoperative a provision of the constitution of Delaware which limited the right of suffrage to the white race, and this accorded with the opinion of the Supreme Court of the state in the same case.

Undoubtedly a state constitution is in a sense a limitation on the powers of the state government. It is the act of the people establishing the fundamental law for their own government as members of a political community known as a state of the United States, and it fixes the powers of that government. But this does not imply that the people cannot in such a fundamental law regulate as they please the powers of the political subdivisions or municipal corporations of the state. Such a regulation, if made, would operate as a limitation on the legislative power of the state government over the subject, but it would form part of the fundamental law of the locality to which it applied.

In this case the constitution limited the power of the legislature of Illinois in respect to the grant of authority to municipal corporations to incur debts, but it declared in express terms that, if a debt was incurred under such authority, the corporation should provide for its payment by the levy and collection of a direct annual tax sufficient for that purpose. Under this provision of the constitution, no municipal corporation could incur a debt without legislative authority, express or implied, but the grant of authority carried with it the constitutional obligation to levy and collect a sufficient annual tax to pay the interest as it matured and the principal within twenty years. This provision for the tax was written by the constitution into every law passed thereafter by the legislature allowing a debt to be incurred; and, in our opinion, it took the place in existing laws of all provisions for taxation to pay

debts thereafter incurred under old authority which were inconsistent with its requirements. It was made by the people a part of the fundamental law of the state that every debt incurred thereafter by a municipal corporation, under the authority of law, should carry with it the constitutional obligation of the municipality to levy and collect all the necessary taxes required for its payment.

It only remains to consider the objection that a tax cannot now be levied sufficient in amount to pay the entire judgment at once. The judgment is for interest in arrear and a small amount of principal. The law required a tax to be levied annually sufficient to pay all interest as it accrued, and the principal when due. This was neglected, and consequently there is now a large accumulation of a debt which ought to have been paid in instalments. Thus far the inhabitants have been allowed to escape taxation at the times it ought to have been laid, and to which they were under constitutional obligations to submit. The accumulation of the debt was caused by their own neglect as members of the political community which had incurred the obligation. Such being the case, we see no reason why it was not in the power of the court to order a single levy to meet the entire judgment which was all for past due obligations. Whether such a tax would be so oppressive as to make it proper not to have it all collected at one time was a question resting in the sound discretion of the court in ordering the collection. There is nothing here to show that there ought to have been a division.

The constitutional obligation of the city was not fully met by providing, when the debt was incurred, for the levy and collection of the necessary tax. It required as well the actual levy and collection when needed to pay the debt. This is an obligation that can be enforced by mandamus after judgment caused by a neglect to meet its requirements.

We see nothing in *Weber* v. *Traubel*, 95 Ill. 427, to the contrary of what is here decided. In that case there was no question of power to levy a tax beyond the one per cent. allowed by the charter to pay debts incurred under the authority of law after the constitution of 1870, and for the payment

of which by means of taxation provision had been made as specially required by that constitution. The precise point there determined was that the three mills tax provided by the charter for the payment of the bonded debt, and the one mill tax for the "Library Fund," under the act of 1874, were parts of the one per cent. allowed by the charter, and not additions to it. Here, however, the tax is in accordance with the special provision made to pay a new debt lawfully incurred, and to meet the requirements of the constitution in its regulation of the conduct of municipal corporations in such matters. This is a tax which the corporation, under the operation of the constitution, contracted with the bondholders to levy and collect to meet its liabilities on the bonds, and it is not necessarily limited to the three mills or the one per cent. of the charter.

Neither does the claim of the city find support in the case of *East St. Louis* v. *Zebley*, 110 U. S. 321. There the question was whether the court could compel the city to set apart any more than three out of the ten-mills charter tax to pay the bonded debt, and we held that it could not. No point was made as to the power of the city to levy more than a ten-mills tax, and it did not appear that the debt then in question was incurred after the constitution of 1870.

*Judgment affirmed.*