[L. A. No. 639.    Department Two.—September 27, 1900.]

## ESCONDIDO HIGH SCHOOL DISTRICT OF SAN DIEGO COUNTY, Respondent, v. ESCONDIDO SEMINARY OF UNIVERSITY OF SOUTHERN CALIFORNIA et al., Appellants.

IRRIGATION ACT—TAX DEED—VALIDITY OF ASSESSMENT—MISNOMER.—Under section 32 of the irrigation act of 1887, providing that "when land is sold for assessments correctly imposed, as the property of a particular person, no misnomer of the owner, or supposed owner, or other mistake relating to the ownership thereof affects the sale or renders it void or voidable," an assessment made by an irrigation district to the "Escondido Seminary," instead of to the "regents of the Escondido Seminary," is not invalid, and cannot vitiate a tax deed made thereunder.

ID.—CONSTITUTIONAL LAW—SPECIAL LEGISLATION.—Section 32 of the irrigation act is not unconstitutional, as being special legislation, but is a general law, applying equally to all persons embraced in a class founded upon a proper distinction.

ID.—TAX DEED AS EVIDENCE—CONSTITUTIONAL QUESTION—CONSTRUCTION OF STATUTE.—The question as to the constitutionality of subdivision 7 of section 30 of the irrigation act of 1887, making the tax deed conclusive evidence of the regularity of all the proceedings from the assessment to the deed, is independent of the prior provisions of the section making the deed *prima facie* evidence of seven specially enumerated facts, corresponding to those enumerated in section 3786 of the Political Code; though it seems that the subdivision may be reasonably construed as referring to proceedings other than those as to which the deed is made *prima facie* evidence, so as to relieve it from constitutional objection.

ID.—ASSESSMENT TO PAY ANNUAL INTEREST—DISCRETION OF DIRECTORS.—Section 22 of the irrigation act, providing that "the board of directors shall levy an assessment sufficient to raise the annual interest on the outstanding bonds," does not confine their power of assessment to the exact amount of the interest, but allows them a reasonable discretion in the matter.

ID.—PROLONGED EFFORT IN COLLECTION—SLIGHT EXCESS—VALIDITY OF TAX DEED.—The collection, after prolonged effort for four years, of a sum a few hundred dollars in excess of fifteen thousand dollars required to be raised by an assessment to pay the annual interest, does not show an abuse of discretion of the directors in levying the assessment, and cannot render invalid a tax deed based upon the assessment.

ID.—RECITAL IN DEED OF CERTIFICATE OF SALE—APPEAL—DEFECTIVE REC-
ORD—PRESUMPTION.—If the tax deed is not printed in the record upon
appeal, it must be presumed in favor of the judgment that
the deed correctly recited the certificate of sale as required un-
der the act of 1887; and a claim that the tax deed offered in
evidence is void for failure to make such recital cannot be sus-
tained. The appellants must affirmatively make error to ap-
pear.

APPEAL from a judgment of the Superior Court of San
Diego County and from an order denying a new trial. J. W.
Hughes, Judge.

The facts are stated in the opinion of the court.

Parrish & Mossholder, and Cochran & Williams, for Appel-
lants.

F. P. Willard, and Withington & Carter, for Respondent.

THE COURT.—Action to quiet title to block 340 in the city
of Escondido, San Diego county. Plaintiff had judgment, from
which and from the order denying motion for new trial this ap-
peal is prosecuted. There are numerous defendants, but the
appeal is by the regents of the Escondido Seminary and by the
University of Southern California only.

Plaintiff and defendants (regents) claim title through a com-
mon source, to wit, Escondido Land and Town Company, whose
former ownership all parties concede. Defendants' deed from
this company is dated September 18, 1886, and the plaintiff's
deed is dated February 20, 1897, by quitclaim. Plaintiff also
claims under a tax deed by the collector of the Escondido Ir-
rigation District in said county, to H. W. Putnam, dated March
3, 1896, for an assessment made in 1894. Putnam conveyed
the premises to plaintiff by deed dated January 8, 1897.

Plaintiff offered in evidence the tax deed between William
Becker, collector of the Escondido Irrigation District, first
party, and H. W. Putnam, second party, purporting to convey
block 340 in question. The entire deed is not in the record,
but the following recital from it appears: "That said property
was assessed in the year A. D. 1894, for the year 1894, at $11-
200, to the Escondido Seminary," by the assessor of said dis-

trict and a tax levied thereon in 1894, by the directors of the
district, "for the purpose of raising money to pay the annual
interest for the year 1894 on the outstanding bonds of said ir-
rigation district; that said tax was not paid, and that on the
twenty-first day of February, 1895, said collector sold said prop-
erty for said unpaid tax to said Putnam, which deed was signed
by William Becker, collector of the Escondido Irrigation Dis-
trict." Defendants objected to the admission of the deed on
the ground that it was incompetent and immaterial for the rea-
son that there was no evidence that certain enumerated pro-
visions of the act of March 7, 1887 (Stàts. 1887, p. 29), had
been complied with. These requirements are found in sections
20, 24, 25, 27, and 28 of the act and relate to the various steps
to be taken in levying and collecting assessments, publication
of delinquent lists, duty of the collector to do certain things
before issuing any certificate of sale, etc. Section 30 provides
that: "The matter recited in the certificate of sale must be re-
cited in the deed, and such deed duly acknowledged or proved
is *prima facie* evidence" (then follow seven paragraphs setting
forth certain facts as to which the deed is *prima facie*
evidence); "7. . . . . such deed . . . . is . . . . conclusive evi-
dence of the regularity of all the proceedings from the as-
sessment by the assessor, inclusive, up to the execution of the
deed. The deed conveys to the grantee the absolute title to the
lands described therein free from all encumbrances," etc. The
court properly overruled defendants' objection, holding that as
to these seven requirements the deed is *prima facie* evidence of
the matters referred to therein, and not conclusive. Defendants
introduced certain evidence as to the assessment by the dis-
trict. The collector and assessor of the district produced the
original assessment-book and rolls of the Escondido Irrigation
District for the year 1894, and especially that part of said as-
sessment-roll which reads as follows: "Name of person to whom
the property is assessed, 1894, Escondido Seminary, block 340.
Improvements thereon, brick building. Value without the im-
provements, $1,200. Value of improvements, $10,000. Total
value of the property after equalization by the board of direc-
tors, $11,200. Assessment for bond fund, $311.36. Special as-
sessment for purpose of paying expense of organization, includ-

ing salaries of officers and employees $82.88. Situated in the city of Escondido, state of California." This evidence was offered and admitted for the purpose of showing that the property was not assessed to the party in whose name it stood of record at date of assessment.

It was also proved that the annual interest to be raised on the bonded debt of the district was $15,000 and no more, and that the assessment levied for that year was in excess of that amount by about $300, and that at the date of the trial the amount received by the treasurer from said tax levy was $15,535.07, "exclusive of costs, charges, percentages and penalties."

1. Appellants claim that the tax deed is void because the property was assessed to the Escondido Seminary instead of the regents of the Escondido Seminary as they claim the title then stood.

Section 18 of the act (Stats. 1887, p. 37) provides as follows: "The assessor must . . . . assess all real property in the district to the persons who own, claim, have the possession or control thereof, at its full cash value. He must prepare an assessment-book, with appropriate headings, in which must be listed all such property within the district, in which must be specified, in separate columns, under the appropriate head: 1. The name of the person to whom the property is assessed. If the name is not known to the assessor, the property shall be assessed to 'unknown owners.'"

Section 32 of the act is as follows: "When land is sold for assessments correctly imposed, as the property of a particular person, no misnomer of the owner or supposed owner, or other mistake relating to the ownership thereof, affects the sale or renders it void or voidable."

Appellants cite certain cases, decided by this court, holding that the assessment must be made either to the owner or unknown owners. But the cases cited and so holding, so far as we can discover, were commenced either prior to the amendment of 1880, found in section 3628 of the Political Code, or involved tax titles originating in an assessment made prior thereto. The amendment was: "But no mistake in the name of the owner or supposed owner of real property shall render the assessment thereof invalid."

It was held in *Lake County v. Sulphur etc. Min. Co.*, 66 Cal. 19, where the question arose upon an assessment made after the amendment, that "the ascertainment of the name of the owner is a matter with respect to which the assessor has discretionary power, and his judgment or conclusion in regard to it is final, so far as the validity of the tax is concerned." Again: "It is not a defense to the payment of the taxes upon the real estate that the assessor mistook the name of the owner of it." In *Landregan v. Peppin*, 86 Cal. 122, the owner of the land was William Minto and the assessment was to William Minto & Co., and it was held that the assessment was binding upon the property and the tax deed made under it was valid. (Citing *Lake County v. Sulphur etc. Min. Co., supra.*) This latter case was referred to in *Pearson v. Creed*, 69 Cal. 538, and in *Emeric v. Alvarado*, 90 Cal. 444, and although the point now before us did not arise in those cases, the Lake county case seems to have been assumed to state the law correctly. Cases arising in states where a statute similar to that in this state and holding as has been held here, are cited in notes to section 277 of Blackwell on Tax Titles. (See, also, Black on Tax Titles, sec. 131.)

According to the evidence in the present case, as it stood when the levy was made under which the tax deed was executed to Putnam, the title to block 340 was in the Escondido Land and Town Company. The deeds offered in evidence by defendants showed a conveyance by the land company, by trust deed, to certain trustees, in trust, and later a conveyance by these trustees to the regents of the Escondido Seminary. It is immaterial, so far as the question now under consideration is concerned, who was the owner as shown by the record. The assessment was not invalid because made to the "Escondido Seminary" instead of the "regents of the Escondido Seminary."

2. Appellants contend that subdivision 7, section 30, of the act of 1887, *supra*, which makes the tax deed "conclusive evidence of the regularity of all the proceedings from the assessment by the assessor, inclusive, up to the execution of the deed," is unconstitutional. This section of the act is substantially the same as sections 3786 and 3787 of the Political Code, relating to general taxation, and the first seven enumerated facts of which the deed shall be *prima facie* evidence are copies

of the like provisions in section 3786, *supra.* Part of the seventh paragraph of the act of 1887 contains substantially the provision of section 3787, *supra,* except that the word "other" immediately preceding the word "proceedings" in the code is omitted from the act of 1887; the code reads "all other proceedings," while the Wright act reads "all the proceedings."

It was held here in *Rollins v. Wright,* 93 Cal. 395, that there was no valid objection to the code provisions for reasons very clearly pointed out by Mr. Justice Temple in the opinion. If it were necessary to pass upon the question in this case, it might, consistently with recognized rules of construction, be held that the language used in the act of 1887 means all the proceedings other than those as to which the deed is made *prima facie* evidence, and the act would thus be relieved from the constitutional objection in support of which appellants cite copious authorities. But it is not necessary to decide the question, since the deed was *prima facie* evidence of the facts enumerated in section 30 of the act (*Cooper v. Miller,* 113 Cal. 238); and no evidence was offered by defendants to overcome this *prima facie* showing, except in the particular already noticed that the property was not assessed to the owner, and in the one other particular next to be considered.

3. Appellants claim that the assessment was in excess of the requirements for which it was made, and was, therefore, invalid. The assessment was made in 1894 for the purpose of raising $15,000, and no more, to pay the annual interest on the outstanding bonds of the Escondido Irrigation District. The evidence showed "that at the date of the trial of this action there had been collected by the collector, and received by the treasurer of said irrigation district, the sum of $15,335.07 of the said tax itself levied in the year 1894, as aforesaid, by said irrigation district, exclusive of costs, charges, percentages, and penalties."

Section 22 of the Wright act provides: "The board of directors shall levy an assessment sufficient to raise the annual interest on the outstanding bonds," etc. In *Hughson v. Crane,* 115 Cal. 404, it was said: "The phrase 'sufficient to raise' the annual interest is more elastic than would be the phrase 'to the amount of' the annual interest, and must be held to authorize

the board of directors to exercise a reasonable discretion in determining the amount to be levied"; and the opinion states the reasons why it must have been "in the mind of the legislature that the assessment might, in some instances, be not fully paid," which reasons justify the conclusion "that it was not intended that the assessment should be the exact amount of the interest." After four years' effort, it seems the district has been able to collect $335.07 in excess of the amount required. There is no evidence beyond this fact that the levy will ever produce any more. We see no abuse of discretion on the part of the directors in this showing.

4. Appellants make the point that under the provisions of section 30 of the act of 1887 "the matter recited in the certificate of sale must be recited in the deed," and also that section 27 provides that the certificate shall state the amount paid by the purchaser for the property sold, and shall specify the time when the purchaser will be entitled to a deed; and it is claimed that the tax deed offered in evidence fails to comply with these statutory requirements, and is therefore void. (Citing several California cases.) The deed is not printed in the record, and we must presume, in support of the judgment, that it showed the above facts. If it did not, appellants should have so shown. Error must be affirmatively made to appear.

5. Appellants, for the first time, in their reply brief claim that section 32 of the Wright act is special legislation, and therefore void under article 4, section 25, subdivision 33, of the constitution. We think this contention is fully met by the elaborate discussion of the nature, objects, and purposes of irrigation districts, as they exist under the act in question, and the powers conferred on them by that act, found in *In re Madera Irr. Dist.*, 92 Cal. 296.[1] The particular section of the act pointed out comes within the definition of a general law as given in *Pasadena v. Stimson*, 91 Cal. 238, and is constitutional because "it applies equally to all persons embraced in a class founded upon some natural or intrinsic or constitutional distinction." It is not unconstitutional because it cannot be said of it that it "confers particular privileges or imposes peculiar

---

[1] 27 Am. St. Rep. 106.

disabilities or burdensome conditions, in the exercise of a common right, upon a class of persons arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law." (*Pasadena v. Stimson, supra.*)

The deed under which plaintiff claims being valid, it becomes unnecessary to determine the questions arising out of the trust deed and the deed subsequently made by the trustees to the regents of the seminary. Conceding error in excluding the evidence offered, it was harmless, since the assessment and the tax deed were made after defendants' rights had attached.

The judgment and order are affirmed.

TEMPLE, J., concurring.—I concur in the judgment solely on the ground that, in my opinion, the Escondido Seminary of the University of Southern California was never the owner of the property, and has no interest in this controversy. All parties derive title from the Escondido Land and Town Company, which conveyed many lots and blocks by number to certain trustees. Block 340, the property involved here, was not thus conveyed, nor was it mentioned in the granting portion of the deed. In the clause following the *habendum*, in declaring the purposes of the trust, the trustees are directed to sell all the property, save and except block 340, "known as college grounds, . . . . which shall be reserved as the seat or campus for said seminary," unless it shall become expedient to erect the buildings on adjacent property. The campus "may be conveyed" to the regents, in trust, for a campus. It is clear that this property did not pass by the deed, and had it been included, the trust, as to it, would have been a mere trust to convey, which is void. (Civ. Code, sec. 857.)