[Civ. No. 8670.` First Appellate District, Division Two.—December 28, 1932.]

THE O. T. JOHNSON CORPORATION (a Corporation) et al., Appellants, v. THE COUNTY OF LOS ANGELES, Respondent.

Harold Ide Cruzan for Appellants.

Everett W. Mattoon, County Counsel, and J. H. O'Connor, Assistant County Counsel, for Respondent.

DOOLING, J., *pro tem.*—This is an appeal from a judgment in favor of defendant, County of Los Angeles. Plaintiffs and appellants are land owners and taxpayers owning lands within the limits of Acquisition and Improvement District No. 28 of the County of Los Angeles. This district was created under the provisions of the Acquisition and Improvement Act of 1925 (Stats. 1925, p. 849) for the purpose of acquiring certain lands for park purposes to be known as Alondra Park. In the proceedings looking to the acquisition of these lands the board of supervisors, under the authority of section 5 of the statute, divided the property to be assessed into two zones, designated respectively zone A and zone B, and determined that zone A should bear twenty-six per cent of the costs and zone B seventy-four per cent thereof. Appellants' property lies in zone B and appellants paid the district tax levied upon their property for the fiscal year 1928–29 under protest and in this action seek to recover it back from the county.

Section 5 of the statute authorizes the land within the assessment district to be divided into zones according to benefits and provides that "each zone shall be composed of and include all the lands within the district which will be benefited in like measure". It further provides that the

"legislative body shall also determine the percentage of the sum to be raised each year by the levy and collection of said special assessment taxes in said district for the payments on the principal and interest of the bonds, which will be raised from the lands in each zone". In other sections of the statute it is provided that the bonds of the district shall be a general lien upon all the real property within the district and that the amounts necessary to make principal and interest payments on such bonds shall be raised annually by an *ad valorem* tax on such lands.

█  Appellants point out that in zone B the special assessment taxes on their various parcels of land range from $2.70 per acre to $15 per acre and they claim that such disproportionate levies upon lands within the same zone demonstrate that the board of supervisors in creating zone B did not follow the mandate of the statute that each zone should be composed of lands which will be benefited "in like measure". The word "measure", according to Webster's dictionary, means "a quantity determined by a fixed standard", and the phrase "benefited in like measure" may be taken to mean that the amount of benefits to the lands within the particular zone shall all be such as are determined by the same standard of computation. Since the statute itself provides for the levy of an *ad valorem* tax the common measure or standard by which the benefits within each zone are to be determined must be a measure or standard in relation to the assessed value of the respective lands and not to their area, frontage or any other factor.

█  We must assume in favor of the action of the board of supervisors in creating the two zones and apportioning the tax burden in the ratio of 74 to 26 that they determined that the benefits to the lands within the two zones were in the same ratio, and furthermore, that in determining that the lands within each zone would be "benefited in like measure" the board determined that the relative benefits to each parcel within the same zone would be accurately measured by calculating the same percentage of the assessed value of each parcel. The land which is taxed at $15 per acre as against the land which is taxed at $2.70 per acre is so taxed because its assessed value is proportionately that much greater. If the benefit to each parcel of land in zone B is calculated, for example, at ten per cent of its value, then

a common measure is applied and the lands within that zone are in fact "benefited in like measure". The fact that the more valuable land pays a proportionately higher tax does not prove, as appellants claim, that the mandate of section 5 has been disregarded. It results necessarily from the fact that the "like measure" adopted in calculating the benefits is a measure based upon the percentage of benefits accruing to each parcel of land calculated upon the value of each such parcel. Since the tax required to be levied upon the lands is an *ad valorem* tax, the "like measure" to be applied in determining benefits must be an *ad valorem* measure. There is nothing in the record here to show that such a measure was not applied in creating the two zones within this district.

Appellants level an attack upon the constitutionality of the statute upon three separate grounds:

1. While conceding the constitutionality of the zoning system and the constitutionality of the *ad valorem* system taken separately they claim that combined they must result in unequal assessments for equal benefits. This claim is based upon the theory that in determining that all the lands within the particular zone are "benefited in like measure" the board has determined that the benefits to all such lands are alike and equal, and having so determined it is an unconstitutional discrimination to proceed to tax them unequally upon an *ad valorem* basis. We have sufficiently disposed of this contention by pointing out that the "like measure" of the statute is a common percentage of the values of the respective parcels within the same zone.

2. The statute in question provides for the issuance of bonds and requires a levy of taxes to pay interest thereon. Appellants claim that interest is not an incidental cost of the improvement and its inclusion, without giving the land owner an option to pay the full amount at once and thus avoid the interest charge, is unconstitutional. This question was decided adversely to appellants' contention in *People v. Austin (Doyle v. Austin)*, 47 Cal. 353. Appellants cite no authority on this point and, in addition to the Doyle case, respondent cites a wealth of authority from other jurisdictions holding that assessments may be constitutionally levied to pay interest. While perhaps not necessary to the decision in that case our Supreme Court in *Mardis* v. *Mc-*

·Carthy, 162 Cal. 94 [121 Pac. 389], cited *Doyle* v. *Austin* with approval. We take it to be the settled law of this and other jurisdictions that land owners may be assessed for the payment of interest upon bonds issued to finance public improvements.

3. The statute provides for levies to meet deficiencies. This feature is attacked as unconstitutional on the theory that where delinquencies in tax payments occur the non-delinquent taxpayer may be compelled to pay more than his just share of the costs of the improvement. The same question was ruled adversely to appellants' contention in *Municipal Improvement Co.* v. *Thompson*, 201 Cal. 629 [258 Pac. 955]. Again, appellants cite no decisions in point and respondent cites many supporting decisions from other jurisdictions. We see no reason for not following the decision of our Supreme Court in *Municipal Improvement Co.* v. *Thompson, supra.*

Judgment affirmed.

Sturtevant, J., and Nourse, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 23, 1933.