[Civ. No. 10482.   Second Appellate District, Division Two.—September 3, 1935.]

WINIFRED S. DOBYNS, Appellant, v. S. F. CHESHIRE, as Tax Collector, etc., Defendant and Respondent; H. J. McCRACKEN, Sr., Intervener and Respondent.

Roscoe R. Hess for Appellant.

Harold P. Huls, City Attorney, and John W. Holmes, Deputy City Attorney, for Defendant and Respondent.

O'Melveny, Tuller & Myers and James L. Beebe for Intervener and Respondent.

CRAIL, J.—This is an appeal on the judgment roll alone from a judgment against appellant after an order sustaining

a demurrer, without leave to amend, to appellant's petition for a writ of *mandamus* alleging the illegality of a tax which had been levied by the city of Pasadena. ■ Appellant says "the fundamental problem is whether a tax levy for one year under the Municipal Improvement District Act of 1915 can include delinquencies in the collection for the prior year". Appellant contends the answer should be a negative one. However, the question is more accurately stated in the following form: Is a tax, levied pursuant to the provisions of the Municipal Improvement District Act of 1915 (Stats. 1915, p. 99), wholly or partially invalid for the reason that such tax if wholly paid would be in excess of the exact amount necessary to meet the accruing bond interest and principal during the year following the levy of such tax?

The pertinent part of section 9 of said statute reads as follows: "The legislative body of such city shall, at the time of fixing the general tax levy, and in the manner for such general tax levy provided, levy and collect a tax each year upon the taxable property in such district sufficient to pay the interest on such bonds for that year, and such portion of the principal thereof as is to become due before the time for making the next general tax levy; provided, however, that if the maturity of the indebtedness created by the issue of such bonds be made to begin more than one year after the date of such issue, such tax shall be levied and collected, at the time and in the manner aforesaid, each year sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof on or before maturity. . . . " Section 14 of said statute provides: "The provisions of this act shall be liberally construed to effect the purpose thereof. . . . "

Delinquencies in collections for prior years may be included in subsequent tax levies. This has been the decision of the Supreme Court of this state and other courts when called upon to consider similar statutes. (*Municipal Improvement Co.* v. *Thompson*, 201 Cal. 629 [258 Pac. 955]; *O. T. Johnson Corp.* v. *County of Los Angeles*, 128 Cal. App. 440 [17 Pac. (2d) 792]; *Robinson* v. *Butte County*, 43 Cal. 353; *Marr* v. *Southern California Gas Co.*, 198 Cal. 278 [245 Pac. 178]; *East St. Louis* v. *United States*, 120 U. S. 600 [7 Sup. Ct. 739, 30 L. Ed. 798].) Such is our decision as to this statute.

Appellant proceeds upon the assumption that the portion of the tax against which she complains was levied for the purpose of overcoming past delinquencies. This, however, is not necessarily true. ▇ The facts appearing in the record are equally consistent with the theory that said portion of the tax was levied in anticipation of future delinquencies. The anticipation of such delinquencies is proper. (*Hughson* v. *Crane*, 115 Cal. 404 [47 Pac. 120]; *Municipal Improvement Co.* v. *Thompson*, 201 Cal. 629 [258 Pac. 955]; *Escondido High School Dist.* v. *Escondido Seminary*, 130 Cal. 128 [62 Pac. 401].) Under the facts disclosed herein the city is authorized by said statute to levy and collect taxes, not only sufficient to pay the interest on the indebtedness as it falls due, but "also to constitute a sinking fund for the payment of the principal thereof on or before maturity". If the city had authority to levy the larger tax the court will not issue a writ to compel the acceptance of a smaller tax. ▇ The issuance of a writ of mandate is not warranted unless the right to such writ be clear and certain. (*Perrin* v. *Honeycutt*, 144 Cal. 87 [77 Pac. 776]; *Stevens* v. *Truman*, 127 Cal. 155 [59 Pac. 397].)

The intervener, an owner of one or more of the bonds, contends at considerable length and with much persuasive force that the tax levy made by the board of directors of the city of Pasadena is, under the sinking fund provisions of the statute, too small and the prior levies likewise have been too small to provide the necessary sinking fund, but the intervener did not appeal, and the question is not before us for determination.

Judgment affirmed.

Stephens, P. J., and Fricke, J., *pro tem.*, concurred.