CITY OF SARASOTA, *et al.,* v. STATE, *ex rel.* R. W. EVANS.

172 So. 732.
Opinion Filed February 16, 1937.

*Harrison E. Barringer* and *J. Velma Keen,* for Plaintiffs in Error;

*Evans & Glenn,* for Defendant in Error.

BROWN, J.—The motion in this case is similar to the motion in another case between the same parties this day .disposed of by the court, with written opinion. In such other case the motion was in part granted. But here the judgment of the circuit court awarding peremptory writ of mandamus, and later affirmed by this Court, was based upon a comparatively small amount of past-due interest coupons which do not bear interest after maturity. The motion seeks the granting of permission by this Court to the Circuit Court to entertain a motion to stay the execution of the peremptory writ for a reasonable time until it can be determined whether the pending negotiations for the refunding of the City's bonded debt can be successfully carried through.

This Court, speaking through Mr. Justice DAVIS in the case of State, *ex rel.* Bottome, v. City of St. Petersburg, 170 So. 730, said:

"The bonds sued on in this case bear interest at the contract rate until paid, which means that such bonds bear in-

terest after maturity as well as before, according to their terms. In cases in the Federal court where judgments are essential to be obtained before mandamus to enforce payment thereof will issue, the Federal courts have consistently regarded the fact that plaintiff enjoys the protection of an interest-bearing judgment as constituting a sufficient warrant upon equitable principles, to order a spread, in appropriate instances, of the necessary tax levy for its payment in two or more installments, instead of all in one and the same year, where to require full satisfaction of all that is adjudged to be made by a levy for one year, would be unduly oppressive on the public corporation debtor, or seriously embarrass its financial structure as an agency of local government. United States v. Key West (C. C. A. 5th Circuit) 78 F. 88; City of East St. Louis v. Unted States, *ex rel.* Amy, 120 U. S. 600, 7 S. Ct. 739, 30 L. Ed. 798; Taxing District of Brownsville v. Loague, 120 U. S. 493, 9 S. St. 327, 32 L. Ed. 780.

"Upon the identical principle of law above stated, a tax levy to provide for the ultimate payment of relator's matured bonds, with future installments of interest maturing thereon, might be ordered made pursuant to a peremptory writ of mandamus herein but spread for the purpose of collection over such period of years as will be in full recognition of relator's adjudicated legal right as a litigant to be paid what is owed him at the earliest practicable date, but consistent with the cognate rights and interests of other creditors similarly situated, the burden on taxpayers, the pressing necessities of government, and the exigencies of the city's financial structure a a whole, as demonstrated to the court in the city's petition praying for such spread, interposed at the time the controversy is still before the court for final consideration."

The stay of execution of any judgment awarding a peremptory writ of mandamus, fairly obtained and affirmed on writ of error, should not be lightly granted in any case, and where as here the comparatively small claim of the relator would not bear interest pending the stay, and the court is not convinced that the public interests of the city would be seriously injured or embarrassed by the issuance and service of the peremptory writ heretofore awarded, permission to apply to the trial court for such stay of enforcement should be denied. We will not grant such a motion here unless it makes out at least a good *prima facie* case for the relief prayed. There is no need for this Court to grant permission for the filing of a motion in the trial court which this Court thinks should be denied.

Motion denied.

Ellis, C. J., and Whitfield, Terrell, Buford and Davis, J. J., concur.