## Vansciver v. Sharon Hill Borough

*Wendell E. Warner*, for plaintiff.
*Herbert L. Hutchinson*, for defendant.

FRONEFIELD, P. J., April 21, 1938—Plaintiff, as the holder of twenty $500 improvement bonds of defendant, brought an action in assumpsit to recover the principal and interest due on said bonds. The jury brought in a verdict of $12,323.33 in favor of plaintiff. Defendant has

moved for judgment non obstante veredicto and for a new trial. Both motions must be dismissed.

The bonds in question were issued in pursuance to Ordinance no. 408 of the Borough of Sharon Hill, approved August 20, 1928, providing for the paving of Elmwood Avenue in said borough, for the assessment of the cost of said paving against the abutting properties according to the foot-front rule, and for the issuance of sufficient "Five Year Improvement Bonds in the usual and proper forms with coupons attached for the amount of and based solely upon the assessments then outstanding on said street". The bonds were issued as of December, 1928, and provided on their face that "the interest thereon is based solely and alone upon the assessments made against the abutting property owners on Elmwood Avenue, East of Calcon Hook Road, for the cost and expenses of grading and paving said avenue" and "said bond will be paid within five years from the date of its issue whenever money accumulates in the Loan Account of said borough sufficient to pay same in excess of the amount necessary to pay interest, from the assessments made as aforesaid."

Notwithstanding the express provisions of the bonds, plaintiff contends that the borough is liable generally on two theories: (1) That the borough was negligent in collecting the assessments and in filing liens securing the assessments, etc.; and (2) that the bonds were made general obligations of the borough by the provisions of the Acts of April 11, 1929, P. L. 509, June 23, 1931, P. L. 929, and June 3, 1933, P. L. 1466. Defendant having questioned the constitutionality of said acts, the trial judge reserved this question and the trial proceeded upon the question of the borough's negligence. This issue was determined in favor of plaintiff. Defendant has moved for a new trial, complaining of several alleged trial errors. However, having thoroughly considered the constitutionality of the said acts of assembly, we have come to the conclusion that they are constitutional and that plaintiff is entitled to judgment regardless of the negligence of de-

fendant. Thus, if there were any errors in the trial of the latter issue, a contention with which we are unable to agree, they were harmless and we will not discuss them at the present time. If an appeal should be taken from this decision to the Supreme Court, we will file a supplemental opinion and pass upon the errors alleged in defendant's motion.

The three acts of assembly referred to above are identical and are entitled as follows:

"An act to ratify, confirm, and validate, as debts of the municipality, bonds and obligations issued by municipal corporations for the payment of the cost of a public improvement which were to rest alone for their security and payment upon assessments for benefits."

The bodies of the acts read as follows: "Section 1. Be it enacted, &c., That whenever heretofore any municipal corporation has in good faith issued bonds or other obligations for the payment of the cost of a public improvement, on the assumption that such bonds were not debts of the municipality within the meaning and intent of article nine, section eight, of the Constitution, for the reason that such bonds or obligations were secured or to be secured by assessments against property benefited by such improvement, and were to rest alone for their security and payment upon such assessments, such bonds and obligations are hereby ratified, confirmed, and made valid and binding obligations and debts of the municipality, notwithstanding the fact that the corporate authorities of the municipality failed, either in whole or in part, to comply with the laws of the Commonwealth providing the method of incurring and increasing its indebtedness: Provided, however, That this act shall not be construed to validate any such issue of bonds or obligations as valid debts of the municipality, where the amount of any such issue, when added to the existing debt of the municipality, exceeds the limits of indebtedness permitted by the Constitution."

The construction of these acts has never been decided by the appellate courts, but they have been thoroughly

considered by Stewart, P. J., in In re Indebtedness of City of Easton, 25 Northamp. 347, and by Maris, J., in Bessemer Investment Co. v. Chester, 31 D. & C. 551. In both these cases the acts were held to be constitutional.

We agree with the conclusions reached in the above cases. It is argued that the acts were never intended to change the status of the bonds but were merely curative acts to correct certain procedural defects, and that, if they were intended to change the status of the bonds from special obligations to general obligations, the legislature exceeded its authority in that they would impair the obligations of contracts, they were retrospective, and that they were in violation of the express restrictions of article IX, sec. 8, and article IX, sec. 10, of the Constitution of Pennsylvania.

It clearly appears from a reading of the acts and their titles that the legislature intended to change the status of the bonds in question. While part of their phraseology is similar to that used in curative acts, nevertheless, in addition to ratifying and confirming the bond issues, it is clearly expressed that they are "made" valid and binding obligations and debts of the municipality. This purpose was also revealed in the title. Without the words "as debts of the municipality" in the title, it could very well be argued that they were merely curative acts, but the inclusion of those words gives notice that a change is being made in the status of the issue. Therefore, we have no difficulty in holding that the legislature intended this result. The question remains as to whether it had the power to do so.

It is true that the legislature cannot impair the obligation of contracts of private citizens, but it is universally held that municipal corporations are not within the protection of this restriction. This is because municipal corporations, such as counties, cities and boroughs, are merely subdivisions of the Commonwealth itself and created solely for the convenience of local government. They

stand in no contract relation with the Commonwealth and may even be abolished by it. Hence, all of their acts are subject to its supervision. For a full discussion of this subject, see 12 C. J. 1003 et seq. See also New Orleans v. Clark, 95 U. S. 644, a case where the facts were very similar to the case at bar.

The pertinent text of article IX, sec. 8, limiting the indebtedness of municipalities, is as follows:

"The debt of any . . . borough . . . shall never exceed seven (7) per centum upon the assessed value of the taxable property therein . . . nor shall any such municipality or district incur any new debt, or increase its indebtedness to an amount exceeding two (2) per centum upon such assessed valuation of property, without the assent of the electors thereof at a public election in such manner as shall be provided by law".

It will be seen that, in no event, can the debt of a borough exceed the constitutional limitation of seven percent. This we interpret to be a limitation imposed both upon the municipality and upon the legislature. This was the "limit of indebtedness" referred to in the proviso clause of the acts in question. However, by a stipulation, offered in evidence, it is clear that the existing debt of the Borough of Sharon Hill was not increased beyond that limit.

It will also be seen that the municipality itself cannot "incur any new debt or increase its indebtedness" beyond two percent without the consent of its electors. This we interpret to be a restriction imposed upon the municipality alone and not upon the legislature. The increase of indebtedness by the change of these bonds from special obligations to general obligations was not "incurred" by the municipality but was forced upon it by the sovereign power of the Commonwealth.

Article IX, sec. 10, provides: "Any county, township, school district or other municipality incurring any indebtedness shall, at or before the time of so doing, provide for the collection of an annual tax sufficient to pay the

interest and also the principal thereof within thirty years."

It will be seen that this article also is a restriction imposed upon the municipality alone and not upon the legislature. Furthermore, this section has been construed by the Supreme Court to be regulatory only and not to affect the validity of an indebtedness created without compliance with its provisions. In Ohlinger et al. v. Maidencreek Twp. et al., 312 Pa. 289, it was said:

"The Constitution does not grant the power to a municipality to incur indebtedness; the power comes from the legislature; it is limited by section 8, of article IX, and regulated by section 10. The latter is a command to the township to provide, by the method therein specified, funds for the payment of an indebtedness, which the legislature authorized within the limitation of the Constitution. The municipality's power is not therein affected, but rather its mode of exercise. The words 'at or before' are mandatory, but there is no provision stating that any indebtedness of the city [?] shall be void if such a tax is not provided at or before the incurring thereof. The section is an explicit and express command to subdivisions of government to perform a duty, a duty which may be enforced by mandamus: Com. ex rel. Hamilton v. The Select and Common Councils of Pittsburgh, 34 Pa. 496; East St. Louis v. Amy, 120 U. S. 600. The right to mandamus after money on a loan has been secured indicates that the duty imposed by the Constitution is a regulation of the exercise of the power and does not qualify the power itself: section 10 is purely regulatory."

We, therefore, hold that the Acts of 1929, 1931, and 1933, supra, are constitutional and make the borough liable to plaintiff regardless of any negligence. For this reason, the defendant's motions for judgment non obstante veredicto and for a new trial are dismissed. As we have previously said, if an appeal should be taken in this case, we will file a supplemental opinion passing upon the alleged trial errors.